## DECK'S ESTATE *v.* GHERKE, ADMINISTRATOR.

The power of the Probate Judge to remove, in his discretion, an administrator for any of the causes named in the statute, will not be interfered with by the appellate Court, unless it should be clearly shown that there has been a gross abuse of discretion.

So much of the act of 1855 as provides for the transfer to the District Court of issues of fact already decided in the Probate Court, is unconstitutional and void, as the effect of the act would be to indirectly confer appellate jurisdiction upon the District Court.

By our probate law, claims against an estate, which have been allowed by the administrator and the Probate Judge, have the force and effect of judgments; and it is error in the Probate Court to reject, on the final settlement of the administrator's accounts, sums paid by him on claims so allowed.

This rule only applies to such claims as are debts against the estate, and not to expenses incurred, or disbursements made, by the administrator, the policy of the law being merely to prevent estates from being squandered in useless litigation.

APPEAL from the Probate Court of the County of San Francisco.

Henry Gherke, the. administrator of the estate of Augustus Deck, appeals to this Court from an order removing him from the administration of said estate ; also, from an order disallowing, on the final settlement of appellant's accounts, certain sums paid by him on claims against the estate for medical services and attendance on the deceased, and a part of appellant's commissions as administrator, all of which had been formerly allowed by the administrator and the Probate Judge ; and also, from a subsequent order refusing to transfer to the District Court for trial, on motion of appellant, the issues already determined by the above orders or judgments.

The order removing appellant from the administration, was made on an order to show cause ; after which one Jacob Hoberlein, claiming an interest in the estate, filed a petition for the revocation of appellant's letters of administration, which petition set forth charges and specifications against the appellant as grounds for his removal.

*Baldwin* for Appellant.

1. The Court erred in rejecting the claim of administrator for payment of physician's bill, the same having been made after allowance of the Probate Judge. See Comp. L., p. 395, §§ 128 to 141; see particularly § 140.

This allowance was conclusive authority to the administrator to pay, and a complete protection to him : 1 Howard Miss. R., 119; even though the claim be fraudulent, 3 How., 303, Campbell *v.* Young; Smith *v.* Smith, Administrator, 3 Stow., 216 ; 27 Miss. R., 51 ; ib., 64.

2. The 140th section shows conclusively that the allowance justifies a payment, for that section places a judgment on the same footing, and no better than such allowance ; and it could hardly be contended that the administrator would not be justified in paying a judgment.

3. It also follows from the section that the allowance is conclusive ; for after it, no suit or other means of compulsion is allowed ; it stands as a judgment, to be paid absolutely in its order.

4. At common law, an administrator could only pay claims at his own risk if he undertook to pay them without suit ; but the statute was intended to prevent the evil of squandering the whole estate in costs, as would be the case if the administrator required suit (as he would) for his own protection.

The statutes of 1855, p. 300, shows that the Court erred in not directing an issue, as required by the statute.

*Foote and Aldrich* for Respondent.

The Probate Court has a discretionary power to displace an administrator whenever that Court " has reason to believe, from its own knowledge or from credible information, that he is mismanaging an estate." Vide Gen. Laws, (Cal.,) page 418, §§ 281, 283.

The Supreme Court does not interfere with this judicial discretion of the Probate Judge, unless for some corruption or abuse of legal discretion—patent and palpable.

An administrator may mismanage an estate for want of judgment or capacity, or from physical or mental inability, or from other causes, which prevent his properly attending to the same.

But the appellant, Henry Gherke, insists that the Probate Court should have certified what he denominates "an issue of fact," namely: to have a jury ascertain whether he was or was not mismanaging this estate. Now it appears that the Probate Court, on its own motion, made a preliminary order for Henry Gherke to show cause why his letters of administration should not be revoked.

Then one Jacob Hoberlein, claiming an interest, filed allegations and specifications.

Now, if Jacob Hoberlein had not filed his petition, which was a proceeding supplementary to the action of the Probate Court, already taken by the Probate Judge, the Probate Judge could have proceeded and removed Mr. Gherke, as he did, independent of any issue, as no issue of fact could possibly have arisen between Mr. Gherke and the Probate Judge, unless the Judge had been in doubt and voluntarily ordered a " feigned issue," after the manner of Courts of Chancery, to satisfy his conscience on some disputed point. Gen. Laws, p. 418, § 283. That it is discretionary with a Probate Judge as to the certifying such issues. Vide the People *ex rel.* Henry Gherke *v.* Judge Freelon, July Term, (Sup. Ct.,) 1855.

In the *mandamus* case, Gherke *v.* Freelon, (July Term above cited,) the Supreme Court decided that it was discretionary with the Probate Judge to order or certify an issue of fact to a District Court.

The retroactive law passed May 7, 1855, does not apply to a case like this.

The Probate Court rejected in the settlement of the administrator's account the physician's bill. Also allowed Mr. Gherke part, not full, commissions, as he did not finish his administration.

Now, does the endorsement of an " approval" by a Probate Judge forever bar the Probate Court and the heirs from disputing the claim when the administrator comes forward for a final settlement? The final settlement, on notice, is *res adjudicata.* If it be true that all controversy about a claim presented to a Probate Judge, *ex parte,* ends when he signs his " approval " out of Court, in the absence of heirs and parties interested, then our law is defective in a vital particular. If all and any claims so endorsed must be allowed in the administrator's final account, right or wrong, because the Judge has signed his approval, as contended in this case, then every estate is left to the mercy of the administrator. As to this point, vide 10 Barr's Penn. Rep., 242; 3 Rawle Penn. Rep., 243.

That an administrator is entitled to his full fees only on a full administration, McPherson *v.* Israel, 5 Gill and Johnson; 1 Harris and Johnson's Rep., 232.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice HEYDENFELDT concurred.

This case comes up on an appeal from the judgment of the Probate Court of San Francisco.    The errors assigned are,

1. The removal of the appellant from the administration of the estate.

2. The refusal of the Court below to transfer to the District Court for trial, certain issues of fact which had already been tried and decided by the Probate Court.

3. Rejecting on the final settlement of the administrator's accounts certain sums paid on claims against the estate, which had been duly allowed by the administrator and Probate Judge.

1. The Probate Judge, as the general supervisor and guardian of the estates of deceased persons, has power, by law, to suspend or remove an administrator " whenever he has reason to believe, either from his own knowledge or from credible information, that such administrator has fraudulently wasted or mismanaged the estate, or is about to do so, or has become incompetent to manage it." C. L., 418, §§ 281, 283.

With the exercise of this power, so necessary to the protection and security of estates, an appellate Court should not interfere, unless it be clearly shown that there has been a gross abuse of discretion by the Probate Court.    The facts of this case, as disclosed by the record, establish no such abuse of discretion.

2. So much of the Act of ————, 1855, as provides for the transfer to the District Court of issues of fact already decided in the Probate Court, is unconstitutional and void.    As the power to try *de novo* issues, which have been tried and decided, necessarily includes the power to reverse or modify such decisions, the effect of the Act would be indirectly to confer appellate jurisdiction, which, under our Constitution, the District Courts cannot exercise.

3. By our probate law, claims against an estate which have been allowed by the administrator and the Probate Judge, have the force and effect of judgments.    C. L., 395, §§ 132 to 141.    At common law, an administrator who paid a claim without suit, did so at his peril.    The evident design of our law was, by protecting the administrator in the payment of such claims as were duly presented and allowed, to prevent the property of estates from being squandered in useless and expensive litigation.    1 How. Miss. Rep., 119 ; 3 ib., 216 and 303.

This rule applies only to such claims as were debts against the deceased, and not to the expenses incurred or disbursement made by the administrator in his management of the estate, which latter claims are conclusive only after having been allowed by the Probate Court upon settlement of the account, after notice to the parties interested.

It follows that the Court erred in rejecting the items for sums paid to physicians for attendance upon the deceased.

Judgment reversed, and cause remanded.