## In re MOORE'S ESTATE.

## No. 13,139; November 20, 1889.

### 22 Pac. 653.

**Administrators—Delay and Neglect of Duty.**—The fact that an administration has not been completed, though fourteen years have elapsed since the appointment of the administrator, is prima facie evidence of neglect of duty on his part, and, in the absence of satisfactory explanation of the delay, supports a finding that the administrator has wrongfully and willfully neglected the estate, and has unnecessarily, willfully, and wrongfully prolonged its administration, to its great detriment, and justifies his removal, and the revocation of his letters of administration.

APPEAL from Superior Court, Santa Clara County; Phil W. Keyser, Judge.

This proceeding to obtain the removal of Thomas W. More as administrator of the estate of William H. Moore, deceased, was instituted in the superior court of Santa Cruz county by W. H. Moore, a son and heir at law of the decedent, but was subsequently removed to the superior court of Santa Clara county.

Hall & Rodgers (Warren Olney of counsel) for appellant; Charles B. Younger for respondent.

PER CURIAM.—This appeal is from an order removing appellant, and revoking his letters of administration, as administrator of said estate. Said order is based upon a finding that "the said Thomas W. Moore has wrongfully and willfully neglected said estate, and has unnecessarily, willfully, and wrongfully prolonged the administration of said estate, and to the great detriment thereof." The question whether the finding is justified by the evidence is the only one which we shall now consider.

It clearly appears that appellant was appointed and entered upon the discharge of his duties as administrator of said estate in the early part of the year 1873, and the petition for his removal was filed July 14, 1887. Between the appointment and the filing of the petition more than fourteen years

had elapsed. This was prima facie evidence of neglect, and we fail to find any satisfactory explanation of this long delay consistent with the duty of the administrator to wind up the administration within a reasonable period. The power of removal for the cause specified is vested in the superior court; and "with the exercise of this power, so necessary to the protection and security of estates, an appellate court should not interfere, unless it be clearly shown that there had been a gross abuse of discretion by the probate court. The facts of this case, as disclosed by the record, establish no such abuse of discretion": Deck's Estate v. Gherke, 6 Cal. 666. Order affirmed.