## Commercial National Bank of Peoria v. Benjamin Newman et al.

1. COURTS—*Power Over Funds Garnished.*—When the Circuit Court obtains jurisdiction by proceedings in attachment of the person of a garnishee, it has complete and full power to ascertain and determine the rights of all parties interested in the funds in the hands of the garnishee. Any person claiming it, or any portion of it, by assignment or otherwise, may appear and maintain his right, and if he does not do so voluntarily, he may, upon notice, be required to do so. The court has ample power to adjust all questions arising, to appoint a receiver, and to make all orders which may be necessary or equitable between the parties.

2. SAME—*Conflict of Jurisdiction.*—A court having once obtained jurisdiction, can not be deprived of it by a subsequent proceeding in another court of concurrent jurisdiction.

3. SAME—*Concurrent Jurisdiction.*—In all cases of concurrent jurisdiction, the court which first obtains jurisdiction will retain it to the end of the controversy, to the exclusion of all others.

4. INJUNCTION—*To Stay Proceedings at Law.*—An injunction to enjoin a suit or proceeding at law must emanate from the county where the suit or proceeding is pending.

5. SAME—*Conflict of Jurisdiction.*—Proceedings by attachment were begun in the Circuit Court of Peoria County. Writs were issued to the sheriffs of Peoria and of Pike counties, the latter being served upon residents of Pike county as garnishees. Subsequently a bill in chancery

was filed in the Circuit Court of Pike County against the garnishees previously served in the attachment proceedings and others, seeking to administer the same funds. *It was held* that the Circuit Court of Peoria County, having first obtained jurisdiction, could not be ousted by the proceedings in Pike county.

6. INTERPLEADER—*Its Essential Elements.*—The equitable remedy by interpleader depends upon the existence of four essential elements. (1) The same thing, debt or duty, must be claimed by all the parties against whom the relief is demanded. (2) All their adverse titles or claims must be dependent on or derived from a common source. (3) The person asking relief must not have any claim or interest in the subject-matter. (4) He must have incurred no independent liability to either of the claimants.

**Memorandum.**—In equity. Appeal from the Circuit Court of Pike County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

APPELLANT'S BRIEF, DAVID McCULLOCH, W. T. IRWIN, AND W. I. SLEMMONS, ATTORNEYS.

The service of the garnishment process upon Jefferson and Ella M. Orr on the 7th day of January, 1893, issued from the Circuit Court of Peoria County, gave that court full and prior jurisdiction of the persons and subject-matter in controversy in the case at bar and therefore the Circuit Court of Pike County had no jurisdiction. It is a rule of law well settled that when two courts have concurrent jurisdiction over the same subject-matter, the court in which the suit is first commenced is entitled to retain it until the end of the controversy. Hawes on Jurisdiction of Courts, Sec. 113; Swartz v. Barnes, 11 Ill. 88; Mapes v. People, 69 Ill. 527; Ross v. Buchanan, 13 Ill. 58; Aldrich v. City of Polo, 8 Bradw. 45; Mount v. Scholes, 21 Ill. App. 192; Howell v. Moore, 127 Ill. 79.

The service of the garnishee process from the Circuit Court of Peoria County upon Jefferson and Ella M. Orr on the 7th day of January, 1893, operated as an appropriation or attachment of all the property or funds in their hands belonging to the debtor in attachment, and thereby vested said Circuit Court of Peoria County with the exclusive right to adjudicate and administer upon such property and

funds; from the time of the service of the process of garnish-
ment the fund was *in custodia legis*.   Nesbitt et al. v. Dick-
over, 22 Ill. App. 141; Reeves v. Smith, 113 Ill. 47; Bank of
Commerce v. Ind. Bk. Co., 114 Ill. 489.

APPELLEES' BRIEF, MATTHEWS, HIGBEE & GRIGSBY AND A. G.
CRAWFORD, ATTORNEYS.

The property or rights to be reached by process of gar-
nishment must be of a legal as contradistinguished from an
equitable character.   They must be such as are capable of
recovery of enforcement by action at law by the debtor
against the garnishee.   Webster v. Steel, 75 Ill. 544; Netter
v. Chicago Board of Trade, 12 Ill. App. 607; Sangamon
Coal Co. v. Richardson et al., 33 Ill. App. 277; Dressor v.
McCord, 96 Ill. 389.

A claimant of property attached is not bound by the
judgment against the defendant in the attachment ordering
a sale of the property.   He stands in the attitude of a
stranger to the record.   Juilliard & Co. v. May, 130 Ill. 87.

A bill of interpleader lies where two or more parties are
claiming the same fund or property in the hands of a third
person and such third person does not know to whom it of
right belongs, and as to which he is wholly indifferent as
between them.   3 Dan. Chan. Prac. 1754; Bedell v. Hoff-
man, 2 Paige (N. Y.) 199; Newhall v. Castens, 70 Ill. 156.

A bill in the nature of a bill of interpleader will lie by a
party in interest to ascertain and establish his own rights
where there are other conflicting rights between third per-
sons.   2 Story's Eq. Jur., Sec. 824; Newhall v. Castens, 70
Ill. 156.

Such a bill may be filed, though the party has not been
sued at law, or has been sued by one only of the conflicting
claimants, or though the claim of one is actionable at law
and the other in equity; and the principle would be the
same whether the actions would be pending in the same
court or distinct courts having concurrent jurisdiction.   Rich-
ards v. Salter, 6 Johns. Ch. (N. Y.) 445; Newhall v. Kastens,
70 Ill. 156.

The object in filing a bill of interpleader is that the court may ascertain to which of the contending parties the fund rightfully belongs, and to thereafter protect the complainant in the bill against the other claimants of the fund. 2 Story's Eq. Jur., Secs. 822 and 824; Richards v. Salter, 6 Johns. Ch. (N. Y.) 444; Bedell v. Hofmon, 2 Paige Ch. (N. Y.) 199.

An attaching creditor can not acquire through his attachment any higher or better right to the property than the debtor himself had. Samuel v. Agnew, 80 Ill. 553; Sheldon v. Hinton, 6 Brad. 216.

Mr. Presiding Justice Wall delivered the opinion of the Court.

This was a bill in chancery brought in the Circuit Court of Pike County, by Benjamin Newman, S. C. Hoyt, The First National Bank of Pittsfield and the Griggsville National Bank, against the Commercial National Bank of Peoria, The Bank of Commerce of Peoria, Allen C. Rush, Francis E. Rush, Jefferson Orr, Ella M. Orr and Isaac C. Edwards. It alleged that said Allen C. Rush was, on December 28, 1892, indebted to the complainants severally in different sums; and that on December 29, 1892, he sold and conveyed certain described lands to said Jefferson Orr and Ella M. Orr for the price of $20,280; that said Jefferson, acting for himself and said Ella M. Orr, promised said Rush, as a part of the consideration for said lands, to pay to said Newman $3,500, to said Hoyt $500, to said First National Bank $4,000 and to said Griggsville National Bank $1,700; that said Rush was a member of the firm of Kirkwood, Miller & Co., engaged in business in Peoria, which said firm on December 30, 1892, made a voluntary assignment to said Edwards for the benefit of their creditors; that the deed of assignment contained descriptive terms under which the assignee claimed the individual property of said Rush, as well as that of the other members of the firm, in addition to the partnership property; and that he claimed the legal title to said lands, because the deed of assignment was made

before the conveyances to the said Jefferson and Ella M. Orr were recorded, and that consideration for said conveyance should be turned over to him; that said Commercial National Bank of Peoria, and the Bank of Commerce of Peoria, also named as defendants, instituted suits in attachment in the Circuit Court of Peoria County on or about the 3d day of January, 1893, against said firm of Kirkwood, Miller & Co., and caused writs of attachment to be levied on said lands of Allen C. Rush, and caused him to be served with summons returnable on the first Monday of February, 1893; that certificates of levy on said lands in said cases had been filed in the circuit clerk's office of Pike county, and that said Jefferson Orr and Ella M. Orr had been summoned in garnishment in both of said cases; that the claims sued on in said cases were for the partnership indebtedness of said Kirkwood, Miller & Co., and not the individual indebtedness of Allen C. Rush, and that complainants had a prior lien in equity on the individual property of said Allen C. Rush for the payment of this individual indebtedness to them as above set forth.

The bill prayed that upon a hearing of this cause, the court might order and decree that the said several amounts to be paid to complainants by said Ella M. Orr and Jefferson Orr, as above set forth, were held by them in trust for the said complainants, and that said amounts might be ordered and decreed to be paid to them without delay; but if the court should find that the said lands had been fraudulently conveyed by said Allen C. Rush to hinder and delay his creditors, that the court should order that the same might be set aside, and complainants should have a prior lien as individual creditors of the said Allen C. Rush for the amounts above set forth; or in case the court should order the consideration for said lands to be paid over to the assignee, that complainants might have a prior lien against said proceeds in the hands of said assignee, as individual creditors of the said Allen C. Rush, for the respective amounts above set forth.

The Peoria banks, by their answer, asserted that by vir-

tue of their attachment proceedings and the service of the writs upon said Rush, and upon the said Jefferson and Ella M. Orr, the Circuit Court of Peoria County had first acquired jurisdiction of the parties and of the subject of controversy, and that the Circuit Court of Pike County could not interfere; asserted their prior lien upon the fund in dispute; denied that a case for equitable jurisdiction appeared by the bill, and prayed for the same benefit upon the hearing as if they had specifically demurred to the bill.

Jefferson and Ella M. Orr answered, and afterward filed in said cause their bill of interpleader, setting out a statement of the matters involved at length, praying for an adjustment as to the conflicting claims of the various creditors, complainant and defendant, claiming that of the purchase money, $4,525 should be paid to Lucy Rush and to the estate of John Rush by reason of certain provisions of the will of said John Rush, operative upon the land, and offering as to the balance of $15,755, to bring the same into court for such disposition as might be decreed, and praying that the defendants, the Bank of Commerce and the Commercial National Bank of Peoria, might be restrained by injunction from proceeding further against said above described premises, and also against the said Jefferson and Ella M. Orr in said garnishee suits, and that the levies upon said premises by virtue of said attachment writs might be canceled and the cloud removed.

This bill of interpleader was answered by all the creditors and by said Rush.

The cause progressed to a hearing and the court by its original, supplemental and final decrees, found that it had jurisdiction of the parties and of the subject-matter, and that by virtue of the transactions as therein stated and set forth between said Rush and said Jefferson Orr, there was an equitable assignment of the purchase money to said complainants of the sums alleged in their bill and of other specified sums to other parties who were named, and that the funds (which had been placed in the hands of a receiver), should be distributed accordingly, and that though the said Com-

mercial National Bank had obtained a judgment for $15,000 in said attachment suit against said Kirkwood, Miller & Co., yet said bank and the Bank of Commerce were enjoined from prosecuting further the said attachment suits pending in Peoria county as against the said Jefferson and Ella M. Orr, and that the said receiver should pay to the said Commercial National Bank whatever sum might remain in his hands after paying the specified sums to said Newman and others. Said bank prosecutes the present appeal.

The first question for consideration is as to the jurisdiction of the Circuit Court of Pike County.

The Circuit Court of Peoria County, by virtue of the proceedings in attachment, obtained complete jurisdiction and had full power to ascertain and determine the right of all parties interested in the funds in the hands of the garnishees.

The entire fund was thereby appropriated. Reeve v. Smith, 113 Ill. 47; The Natl. Bank of Am. v. Ind. Banking Co., 114 Ill. 483.

Any person claiming it or any part of it by assignment or otherwise, might appear and maintain his right, and if he did not voluntarily appear he might, upon notice, be required to do so, and the court had ample power to adjust all questions arising to appoint a receiver and to make all orders which might be necessary or equitable between the parties. R. S., Ch. 62, Secs. 11, 12–24; Stevens v. Dillman, 86 Ill. 233.

Having such jurisdiction it could not be deprived of it by a subsequent proceeding in another court of concurrent jurisdiction.

It is elementary, that in all cases of concurrent jurisdiction the court which first obtains jurisdiction, will retain it to the end of the controversy to the exclusion of all others. An opposite rule would lead to endless confusion and uncertainty.

The scope of the original bill as well as of the bill of interpleader was to determine the very questions which would necessarily arise upon the garnishment. Its object was to obtain from the Circuit Court of Pike County, a decision

upon the points arising in the suit previously commenced in Peoria county.

Accordingly the court in Pike proceeded to hear the controversy and rendered a decree whereby it enjoined the further prosecution of the suit in Peoria. This injunction violates Sec. 4, Ch. 69, R. S., which provides that an injunction to stay a suit or proceeding at law shall be in the county where the suit is pending.

It is urged, however, that the bill of interpleader gave the court in Pike county all needed jurisdiction.

It is laid down by Pomeroy in his work on Equity Jurisprudence, Sec. 1322, that the equitable remedy by interpleader depends upon and requires the existence of four essential elements or conditions. First, the same thing, debt or duty must be claimed by both or all the parties against whom relief is demanded. Second, all their adverse titles or claims must be dependent on or derived from a common source. Third, the person asking relief must not have any claim or interest in the subject-matter. Fourth, he must have incurred no independent liability to either of the claimants.

Passing the other conditions the fourth is important here. The same author says in Sec. 1326: The party asking the interpleader in his dealings with one of the claimants may have expressly bound himself by contract so as to render himself liable upon such independent undertaking without reference to his possible liability to the rival claimant upon the general nature of the transaction. Under these circumstances he can not require the claimants to interplead.

In Story on Eq. Jur., Vol. 2, Sec. 823, it is said that this remedy, while it has cured many defects in proceedings at law, has left many cases of hardship unprovided for, and in the following section, that there are cases where a bill in the nature of interpleader will lie by a party in interest to ascertain and establish his own rights when there are conflicting rights between third persons.

Possibly, this bill might be in analogy to some of the cases cited under this section and might be entertained if it

were an original bill and if the statute had not provided a distinct and adequate remedy, and if no question of prior jurisdiction were involved, but it is difficult to see why this bill was necessary in view of the scope and purpose of the original bill which sought to accomplish a full adjustment of these conflicting claims. Moreover, the statute had provided a remedy wholly adequate, and a court of concurrent authority had obtained jurisdiction of the fund and had power to hear and determine the entire controversy.

The attachment proceedings in Peoria county had subjected the funds in hands of the garnishees to the control and judgment of that court.

The garnishees were bound to answer to that court and could not be relieved from that duty by another court of concurrent jurisdiction upon a proceeding subsequently commenced.

In their answer they would necessarily disclose the claim of Newman and the others who asserted the rights which were allowed them by this decree and upon such disclosure those claimants would be brought in to litigate the matter with the attaching creditors and thus in a court of law an adequate remedy is provided.

No resort to chancery, even in the court having already obtained jurisdiction, would be necessary.

Conceding that the statute would not oust equity of its power to adjudicate in such case, yet it is clear that equity would not interfere when a court of law having competent power had obtained jurisdiction and was about to administer the remedy provided by the statute.

It follows that the Circuit Court of Pike County should not have assumed jurisdiction and that its decree must be reversed and cause remanded with direction to dismiss the original and the interpleading bill. Reversed and remanded, etc.