## John B. Whitbeck, Exr., v. John F. Whiting.

1. INTERPLEADER—*Where Not Permissible.*—There is no interpleader between landlord and tenant, or where the relation of principal and agent exists.

2. PRACTICE—*On Appeals from Orders Granting Injunctions.*— Upon an appeal from an order granting an injunction, where there is no foundation for the bill, and the same is not amendable, the order will be reversed with directions to the court below to dismiss the bill.

**Order Granting Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed July 11, 1895.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

LYMAN M. PAINE, attorney for appellee.

HERRICK, ALLEN & BOYESEN, attorneys for N. K. Fairbank, appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order granting an injunction. The bill filed by the appellee sets out that the appellant is the surviving executor of the last will of David Whiting deceased; that the appellee is one of the beneficiaries under the will, and David T. Whiting, among others, is another; that under a power of attorney from the appellant, the appellee collected the money accruing to the estate under insurance policies, and that "the equity title" to it is in the beneficiaries under the will; that the

appellant has sued the appellee at law to recover the money, and a judgment creditor of David T. Whiting has made the appellee a defendant to a creditor's bill filed against David T. Whiting.

The appellee prayed in his bill that the court would adjust the rights of all parties to the money, and enjoin the suits against him. He brought the money into court under leave of the court, and the injunction was ordered. There is no order for any further proceedings. This bill has no name.

The appellee says he prefers " to consider it as a bill for the administration of a trust," but if on no other ground it " should be sustained as a bill *quia timet.*"

We regard it as an attempt to obtain the relief appropriate upon a bill of interpleader, without calling it such, because the case does not permit such a bill. If the case should proceed to an adjustment of the rights of all claimants, they would necessarily be required to contest in some method known to chancery. Bucklen v. Hasterlik, 51 Ill. App. 132.

That is no more nor less than interpleading.

" There is no interpleader between landlord and tenant or principal and agent." Marvin v. Elwood, 11 Paige 365.

Here the appellee was the attorney in fact of the appellant.

He also claims an interest, which is a bar to his bill. Com. Bk. v. Newman, 55 Ill. App. 534; Wing v. Spaulding, 64 Vt. 83; 23 Atl. Rep. 615.

So far as the bill of the judgment creditor is concerned, the appellee needed no protection that he could not get in that suit, for the appellant was also a defendant to it. Badeau v. Rogers, 2 Paige 209.

If the appellee can show that part of the money is his, possibly he may have a defense *pro tanto* at law, to the suit of the appellee. If not, and there is danger of loss of his share, he may have in equity. Lewis v. Lyons, 13 Ill. 117. But we are not called on now to express any opinion upon either of those questions. There being no foundation for the bill, there was no case for an injunction, and the bill not being capable of amendment, should be dismissed.

The statute is, that upon an appeal like this, the court "shall direct such proceedings to be had in the court below as the justice of the case may require."

The order granting an injunction is reversed, and the cause remanded with directions to the Circuit Court to dissolve the injunction, return the money in court to the appellee, and dismiss the bill at his costs, thus placing the parties *in statu quo ante bellum.*