## Commercial National Bank v. Hugh Kirkwood et al.

1.  GARNISHMENT—*Rights of Garnishing Creditors.*—A garnishing creditor can have no greater right to recover from the garnishee than the debtor has.

Garnishment.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.  Heard in this court at the May term, 1896.  Affirmed.  Opinion filed December 9, 1896.

### STATEMENT OF THE CASE.

On the 28th of December, 1892, Allen C. Rush entered into a contract in writing with Jefferson Orr and Ella M. Orr, whereby he agreed, in consideration of $20,280, to convey to Jefferson Orr, the west half of the northwest quarter of section 31, T. 5 S., R. 3, W. of the 4th P. M., and to Ella M. Orr the north half of the southeast quarter and the east half of the northeast quarter of section 36, T. 3 S., R. 4, W. of the 4th P. M., all situated in Pike county, Illinois.

The exact terms as to payment were deferred until the following Monday, January 2, 1893.  On the last mentioned date, after the parties had met for the purpose of consummating the deal, Orr learned that on the Saturday before, December 31, 1893, the firm of Kirkwood, Miller & Co. (of which Rush was a member), wholesale dealers in agricultural implements at Peoria, had made an assignment to Isaac C. Edwards for the benefit of creditors.  Deeds of

conveyance had been executed by Rush, and filed of record, and Orr had indorsed notes to Rush in payment of the amount of $10,000, when Orr learned that fact. He refused to pay Rush the balance of the purchase money in cash. The notes were returned to him, and as Rush desired to secure his individual creditors, it was agreed the land deal should stand, and Orr executed an agreement in writing whereby he stipulated to pay $18,920 to individual creditors of Rush, therein named, whenever it should be determined that title to the land was clear and free from all liens and claims.

On the same day, appellant sued out an attachment against the firm of Kirkwood, Miller & Co., and on January 7, 1893, Jefferson Orr and Ella M. Orr were served as garnishees. Answers were filed by the garnishees showing the above facts.

Benjamin Newman and others, individual creditors of Rush, and named as beneficiaries in the agreement between Orr and Rush, dated January 2, 1893, filed intervening petitions, claiming the funds in Orr's hands should be paid them, as provided by that agreement. Upon a trial the Circuit Court found the issues in favor of the intervening petitioners, and rendered judgment that Orr should pay $15,520 to the petitioners, as provided by the agreement, in sums due them respectively.

From that judgment appellant prosecutes this appeal.

Irwin & Slemmons, attorneys for appellant.

Matthews, Higbee & Grigsby and A. G. Crawford, attorneys for appellees.

Mr. Presiding Justice Harker delivered the opinion of the Court.

The controversy in this case is over funds held in the hands of Jefferson Orr, a garnishee, as purchase money for lands conveyed by Allen C. Rush, a defendant in an attachment suit by appellant. Before service upon the garnishee,

he had agreed in writing to pay to individual creditors of Rush, the funds in controversy. The judgment of the trial court to so pay them was in effect a holding that the agreement between Orr and Rush was such an appropriation of the funds in the hands of Orr in favor of the individual creditors named, as to place them beyond the reach of appellant's garnishee process.

It is insisted by appellant that the funds were liable to its process because the intervenors had not accepted the provisions of the contract between Rush and Orr, whereby the latter was to pay them, and that before there could be an equitable assignment of the funds to carry it beyond the control of Rush, or his attaching creditors, there must have been a total extinguishment of the old debts and a substitution of the new obligation.

The evidence shows that while the purpose of the contract was to protect Orr, it was, in effect, one for the benefit of Rush's individual creditors. By it the funds were taken out of the control of Rush. The creditors named were notified by Orr before he was served with the garnishee process and some of them demanded payment. Orr promised payment in accordance with the writing when it should be determined that Rush's title to the land was clear and free from all claims that could prejudice the rights of a purchaser.

Under the circumstances it was not necessary that the creditors should have relinquished all claim against Rush. All that was necessary on their part was an acquiescence in the arrangement made by the agreement; Rush was then in no position to rescind the contract.

The intervenors were not prejudiced in their right to the fund by filing their claims with the assignee of Kirkwood, Miller & Co. That did not estop them from claiming that they had acquiesced in the agreement between Orr & Rush.

Rush having by his agreement parted with his right to control the fund in Orr's hands, the appellant, as an attaching creditor, had no right to it. A garnishing creditor can

have no greater right to recover from the garnishee than the debtor has.   Webster et al. v. Steele et al., 75 Ill. 544; Richardson et al. v. Lester et al., 85 Ill. 55.

We see no error in the judgment appealed from.   The judgment is affirmed.