The Commercial National Bank

*v.*

Hugh Kirkwood et al.

*Opinion filed April 21, 1898.*

172 563
85a 237
85a 238
172 563
s184 139
184 142
184 143
172 563
110a 5354

1. CONTRACTS—*completed contract for benefit of third party is binding.* Where one person, for a valuable consideration, promises, by simple contract, to pay money to a third person, the latter, though the consideration has not moved from him, may maintain an action for breach of the contract, provided he has affirmed such contract, either by acceptance or bringing suit before the rights of other parties have intervened.

2. SAME—*mere agreement between two parties for benefit of third not a completed contract.* A mere agreement between two parties for the benefit of a third is not a completed contract, as, until acceptance or affirmance by the third party, there is no mutuality between him and the promisor.

3. SAME—*when contract does not constitute an equitable assignment.* A written agreement between a vendor and a vendee, whereby the latter is to pay to certain named creditors of the vendor specified portions of the consideration, does not constitute an equitable assignment of the fund before affirmance by such creditors of the terms of the agreement.

4. SAME—*when agreement to pay fund to third parties will not hold against attachment.* A written agreement between a vendor and a vendee, by which the latter is to pay to certain creditors of the vendor particular portions of the consideration, is not, in the absence of assent by such creditors to the agreement, sufficient to hold the fund as against an attaching creditor of the vendor.

5. SAME—*consent of all parties is necessary to a novation.* To constitute a novation all parties to the original contract must consent, expressly or impliedly, to the substitution of the new one.

6. ATTACHMENT—*attachment plaintiff has the same rights against defendant's debtors as has defendant.* An attachment plaintiff has the same rights against the defendant's debtors as has the defendant himself; and where the defendant has the right to revoke an agreement with his debtor concerning the payment of money to a third person, the attachment plaintiff may exercise that right by summoning such debtor as garnishee.

*Commercial Nat. Bank* v. *Kirkwood*, 68 Ill. App. 116, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

IRWIN & SLEMMONS, and McCULLOCH & McCULLOCH, for appellant.

MATTHEWS, HIGBEE & GRIGSBY, and A. G. CRAWFORD, for appellees:

Where one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third person, the latter may maintain an action for a breach of the engagement, and where the engagement is to pay the debts of the promisee it is not necessary that the creditors should even be named. In such case it is sufficient for the creditor to show that his debt was due from the promisee, and the consideration need not move from the creditor and his assent will be presumed. *Eddy* v. *Roberts*, 17 Ill. 505; *Bristow* v. *Lane*, 21 id. 194; *Beasley* v. *Webster*, 64 id. 465; *Snell* v. *Ives*, 85 id. 279; *Paper Co.* v. *Seaman*, 29 Ill. App. 69.

Where two parties enter into a contract for the benefit of a third party, the contract cannot be rescinded after notice and acceptance by the third party, without his consent. Bishop on Contracts, sec. 1223; *Wood* v. *McClain*, 7 Ala. 800; *Taylor* v. *Robinson*, 14 Cal. 496.

A garnisheeing creditor has no greater right to recover from the person garnisheed than the debtor in whose name the suit is brought. *Webster* v. *Steele*, 75 Ill.

544; *Richardson* v. *Lester*, 83 id. 55; *Chatroop* v. *Bogard*, 40 Ill. App. 279.

An attaching creditor cannot acquire, through his attachment, any higher or better right to the property than the debtor himself had. *Samuel* v. *Agnew*, 80 Ill. 553; *Sheldon* v. *Hinton*, 6 Ill. App. 216.

Where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action, and such contract is not within the Statute of of Frauds. In cases of this kind the promise is usually based upon some consideration moving from the party to whom it is made, such as the sale or transfer of property, the discharge of a lien, and the like, and is regarded as an original undertaking, the effect of which is to pay the debt of the promisor, though it may incidentally result in discharging the debt of another. *Struble* v. *Hake*, 14 Ill. App. 546.

A part of a debt or chose in action is not assignable in law but may be assigned in equity, and in such case a trust will be created in favor of the equitable assignee of the fund and will constitute an equitable lien upon it. 2 Story's Eq. Jur. sec. 1044; *Pomeroy* v. *Insurance Co.* 40 Ill. 398; *Phillips* v. *Edsall*, 127 id. 535.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant sued out a writ of attachment against Hugh Kirkwood, Henry L. Miller and Allen C. Rush, as partners under the firm name of Kirkwood, Miller & Co., and on January 7, 1893, Jefferson Orr and Ella M. Orr were served as garnishees in that suit. The attachment suit proceeded, and resulted in a judgment in favor of appellant for $15,000 and costs. Interrogatories to the garnishees were filed, and they answered that on December 28, 1892, they purchased of Allen C. Rush, one of the defendants in the attachment suit, certain lands for the consideration of $20,280; that Jefferson Orr and Allen C.

Rush made a further contract January 2, 1893, set out in the answer, by which Jefferson Orr agreed to pay said consideration in separate sums named in the contract, to individual creditors of Rush therein named, and Rush directed and requested the payments to be so made; that two payments, amounting to $4525, had been made, and that there was a balance of $15,020 due from Jefferson Orr for the land. The individual creditors named as beneficiaries in the contract of January 2, 1893, with the exception of the two who had been paid, filed their intervening petition in the garnishment proceeding, representing that at the date of the said contract Rush was indebted to them in certain amounts named in the petition; that on that day Rush deposited with Jefferson Orr the consideration of the farm in trust for the petitioners, and directed him to turn over the same to them according to said contract; that on said date and the day following they were notified by Rush and Orr of the agreement, and agreed to accept the money and apply it on the indebtedness of Rush, and that they had demanded the same from Orr, but he refused to pay until ordered by some court of competent jurisdiction. A jury was waived by the parties, and there was a trial before the court of the issues made by the interrogatories and answer, and also by the intervening petition of the beneficiaries under the contract between Rush and Orr. The court found for the intervening petitioners, and ordered the payment to them of the amount due from Orr. The Appellate Court has affirmed the judgment so entered.

There is an argument in this court upon the facts, but they have been settled by the judgment of the Appellate Court and will not be considered.

A suit by garnishment is an action at law, and the statute provides that the trial of an issue made upon the answer shall be conducted as other trials at law, and that the allegations of adverse claimants shall be tried and determined in the same manner. The parties are

entitled to a trial by jury, although, as in many other proceedings at law, the rights of the parties may be governed by equitable principles.

At the trial the court, in passing upon propositions of law offered by plaintiff, refused to hold that the written agreement of January 2, 1893, did not constitute an assignment of the funds and property in Jefferson Orr's hands to persons named in the agreement, and also refused to hold that in order to entitle the interpleaders to recover the moneys it was necessary for them to show an acceptance of the terms of said agreement, and the acceptance of Jefferson Orr as their creditor for the respective amounts named in said contract, prior to the service of the garnishment process in this case, and the court struck out of a proposition held as law the requirement of such acceptance. The evidence in this case consisted of the testimony given in a prior suit in chancery to which the petitioners were not all parties, and it contained no evidence of any acceptance by all the beneficiaries, and did not show the date of acceptance of any of them with reference to the service of the garnishment process. The rulings of the court on the propositions of law therefore raise the material question whether it was necessary that there should be an acceptance by the beneficiaries named in the agreement of January 2, 1893, of the direction and request of Rush, and the promise made by Orr in their behalf to Rush, before the service of such process. The law gave to the plaintiff, upon the commencement of its attachment suit, the right to avail itself of debts due to Rush, and, upon obtaining judgment against him, to use his name and recover for its use whatever might be due from Orr. In so doing it could not, in the absence of fraud or collusion affecting its rights, acquire any better right against Orr than Rush would have if he had brought the suit, but it would have the same right. *Webster* v. *Steele*, 75 Ill. 544; *Samuel* v. *Agnew*, 80 id. 553; *Richardson* v. *Lester*, 83 id. 55.

If not affected by the accruing of intermediate rights of plaintiff, the petitioners could unquestionably have severally brought suits against Orr on the agreement for their benefit. It is well settled in this State that where one person, for a valuable consideration, promises by a simple contract to pay money to a third person, such third person may maintain an action for the breach of the contract. It is not necessary that the consideration should move from the third person if he elects to affirm the promise made in his behalf, and he does affirm it by bringing suit upon it. (*Eddy* v. *Roberts*, 17 Ill. 505; *Brown* v. *Strait*, 19 id. 88; *Bristow* v. *Lane*, 21 id. 194; *Snell* v. *Ives*, 85 id. 279.) At the same time, a mere agreement between two for the benefit of another does not create a completed contract. Until acceptance by the third party there is no privity of contract between him and the promisor. Until notice to the petitioners and acceptance by them of the arrangement there would be no mutuality between them and Orr. We do not understand that there is any claim that there was a novation of the debts, and there could be none unless it was shown that there was some participation by the petitioners in the arrangement, since it is necessary for the validity of a contract of novation that it should be entered into by the three parties to the engagement, and the old obligation extinguished by the new one. (*Reid* v. *Degener*, 82 Ill. 508.) The petitioners still claim from Rush, and filed their claims in a voluntary assignment proceeding in the county court.

The claim made in the intervening petition is, that a trust was created in favor of the petitioners by the deposit with Orr of the consideration of the farm, with a direction to turn it over to the petitioners in certain proportions. The agreement does not sustain this claim. There was no existing fund placed in the hands of Orr as trustee for the petitioners, but the agreement was simply that Orr would pay his own debt, as Rush requested, to petitioners upon certain conditions. Orr and his wife had

entered into a written contract with Rush for the purchase of the farm, but before the transaction was completed by the payment of the consideration, Orr heard that the firm of Kirkwood, Miller & Co., of which Rush was a member, had made a voluntary assignment to Isaac C. Edwards for the benefit of creditors, and he refused to make payment until the right to the money was settled. This contract was thereupon made by Orr for the payment of his own debt, which Rush requested and directed to be paid to the persons named, and Orr assented to make the payment to them dependent upon the title to the farm being clear, and upon the further provision that the petitioners should be entitled by law to the moneys. The agreement did not create a trust, but did create legal demands against Orr upon acceptance by the beneficiaries, when he would become, not their trustee, but their debtor. As we have already seen, it would be a legal contract with them, upon which they could bring suits. The argument made here is that there was such a legal contract, and there is a further claim that the transaction constitutes an equitable assignment, which, though not cognizable at law, will be protected and recognized in equity. Such an assignment involves a transfer to the petitioners of Rush's claim against Orr. Rush did not assign the claim which he had against Orr to the petitioners, nor give them an order upon Orr, in which case all that would be required would be notice to him, but the agreement was between debtor and creditor, and was nothing else but an agreement between them for the benefit of the petitioners. We do not think that either equity or law considers such an appropriation an assignment,—at least until the creditors have notice of it, and consent,—for until such consent the fund, if it could be considered such, would certainly be at the risk of Rush, and not of the petitioners. If, upon notice, the petitioners assent, their right would be perfect and the obligation would be legal. To support the claim of the petitioners

upon any theory, there must be a perfected transaction or agreement between the parties fixing liability, although the condition of affairs was such that it could not be at once carried out, and the mere direction of Rush and agreement of Orr, without the participation or acceptance of petitioners, would not render the arrangement irrevocable. Unless Orr could settle with and pay the creditors, although Rush should revoke his order and request and forbid him to do so, the transaction would not be complete. We do not see any reason why Rush could not revoke his direction at any time before acceptance, or how petitioners could have any vested right in the fund, or action to recover it, before that event. If Rush could revoke the direction before it was accepted or acted upon in any way by petitioners, the bringing of a suit for the money would be such a revocation, and the plaintiff in the garnishment proceeding was given, by the statute, the same right.

If there was a completed transaction by an acceptance before the service of process on the garnishees, the mere fact that petitioners also filed claims in the county court in the proceedings under the voluntary assignment of Kirkwood, Miller & Co. would not necessarily bar them, as a matter of law, of their right to enforce against Orr the contract so made.

We think that the court erred in ruling upon propositions of law, and that is the only question raised in the case which is open to review in this court or which is passed on in this opinion. We are not to be understood as deciding anything beyond the question so raised. The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*