85   235
s184s110

## Commercial National Bank v. Kirkwood, Miller & Co.

1. GARNISHMENT—*Judgment Creditor of Partnership Can Not Garnish Debt Owing to One Partner.*—A judgment creditor of a partnership or of two joint judgment debtors, can not, by garnishment, reach a debt due to one only of the partners, or owing to one only of the joint judgment debtors.

2. SAME—*Contracts of Novation.*—Where A, for a valuable consideration, promises B to pay money to C upon a debt B owes to C, and C has notice of the arrangement, consents thereto and accepts A as his debtor for such sum, C will be entitled to payment from A, as against another creditor of B, who afterward garnishees A.

Garnishment.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

McCULLOCH & McCULLOCH and IRWIN & SLEMMONS, attorneys for appellants.

MATTHEWS & GRIGSBY and A. G. CRAWFORD, attorneys for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Commercial National Bank and the Bank of Commerce, of Peoria, Illinois, being creditors of the firm of Kirkwood, Miller & Co., began attachment suits against said firm in the Circuit Court of Peoria County. In the suit brought by the Commercial National Bank garnishee summons was, on January 7, 1893, served by the sheriff of Pike county upon Jefferson Orr and Ella M. Orr, his wife. They did not owe said firm, but there had been certain dealings between them and Allen C. Rush, a member of the firm of Kirkwood, Miller & Co., which gave rise to an indebtedness which the bank, by said garnishee process, sought to reach and apply upon its demand against the firm. These dealings began December 28, 1892, by the sale of certain lands from Rush to Jefferson Orr and Ella M. Orr, respectively. On December 30, 1892, said firm executed, and on December 31st delivered, an assignment of the firm property for the benefit of creditors. On January 2, 1893, a new agreement was made between Rush and Jefferson Orr which clearly eliminated Ella M. Orr from the indebtedness arising out of said dealings, and left Jefferson Orr the only person liable to any one therefor. By the instrument of January 2, 1893, Jefferson Orr agreed with Rush to pay Benjamin Newman and several other creditors of Rush who were therein named, certain specific sums therein stated, provided the title to the land bought of Rush by himself and wife, on December 28, 1892, was perfect. While this language was general, the only imperfection in the minds of the parties arose out of the assignment of Kirkwood, Miller & Co. Orr had learned of the assignment, but had not seen the instrument, and was not sure it did not convey the individual property of Rush. It is not claimed by any party to this suit that said assignment operated upon the individual

property of Rush.   Orr soon ascertained it did not, and
testified he would then have paid the parties named in said
instrument if he had not been served with garnishee sum-
mons as above stated; after which, for his own protection,
he delayed payment till the decision of this case.   Therefore
the possible defect in title the parties had in mind did not
exist; and the promise to pay is in fact absolute and unaf-
fected by the condition.   The beneficiaries in said instru-
ment of January 2, 1893, sought to secure the enforcement
of their rights by bill in chancery, but in Commercial
National Bank v. Newman, 55 Ill. App. 534, and Newman
v. Commercial National Bank, 156 Ill. 530, jurisdiction in
equity was denied on the ground the jurisdiction of the
Circuit Court of Peoria County in said garnishee suit, which
first attached, was adequate to protect and enforce the legal
rights and equities of all the parties.   The garnishees then
answered.   Newman and the other beneficiaries under said
instrument of January 2, 1893 (except two who had been
paid), intervened in the garnishee proceeding, and filed peti-
tions claiming the fund.   The Bank of Commerce was noti-
fied, and came in and set up its claim.   The cause was tried
without a jury and the money was ordered paid to said
intervenors, Newman and others.   This court affirmed the
judgment in Commercial National Bank v. Kirkwood, 68
Ill. App. 116, but was reversed by the Supreme Court in
172 Ill. 563.   The reversal was for error of the trial court
in passing upon propositions of law presented, viz., in refus-
ing to hold that the instrument of January 2, 1893, did not
constitute an assignment of the fund to the beneficiaries
therein named, and in refusing to hold " that in order to
entitle the interpleaders to recover the moneys it was
necessary for them to show an acceptance of the terms of
said agreement and the acceptance of Jefferson Orr as their
creditor (debtor) for the respective amounts named in said
contract, prior to the service of the garnishee process."
The record then before the court did not show an accept-
ance by all the beneficiaries, and did not show whether the
acceptance of any of them was before the service of the

garnishee process.    Upon another trial in the Circuit Court
after the cause was remanded much additional evidence was
introduced upon the subject of the fact and date of such
acceptance by the beneficiaries.    The court again entered
judgment in their favor, and the Commercial National
Bank now prosecutes this appeal therefrom, and the Bank
of Commerce has assigned cross-errors.

We are of opinion the evidence in the present record
establishes that the several interpleaders had notice of said
arrangement and consented to and accepted it, and accepted
Orr as their debtor for the respective sums he had promised
to pay them by said instrument, and that this occurred as to
each beneficiary before the service of the garnishment process
upon the Orrs.    Under the principles laid down by the
Supreme Court in this case in 172 Ill. 563, the right of the
petitioners became perfect upon such acceptance, and the
liability of Jefferson Orr to said beneficiaries became fixed,
and no longer subject to revocation by Rush.    The purpose
to accept and the actual consent to the arrangement and
acceptance of Orr as their debtor, and reliance upon him,
was put in different language and evidenced by different acts
by the various beneficiaries.    But that acceptance did not
need to be in writing nor by any particular form of words.
The judgment, therefore, was correct.    The case last cited
settles the principles of law governing the parties, and the
rulings of the trial court upon the propositions of law pre-
sented at the last trial are in the main in harmony there-
with; and if, in one or two respects, said rulings are
slightly incorrect, yet the decision is right, and should be
affirmed.

It may further be said that Rush had an equitable right
to have his individual creditors paid first out of his individ-
ual property before firm creditors should be permitted to
resort thereto; and in entering into the arrangement
evidenced by the instrument of January 2, 1893, Rush was
endeavoring to secure that benefit for his individual cred-
itors.    There was nothing fraudulent or collusive in his
course, nor did it inflict any wrong upon the creditors of

the firm.   No reason exists why we should split hairs over the particular words used by each beneficiary in accepting the arrangement, in order to defeat what Rush had a right to do for his individual creditors.

The judgments of the Commercial National Bank and of the Bank of Commerce are against the firm of Kirkwood, Miller & Co.   Orr is not and never has been indebted to Kirkwood, Miller & Co.   The claim of said banks is only that he owes Rush, one of the members of said firm.

It was settled in Siegel, Cooper & Co. v. Schueck, 167 Ill. 522, and in C. & N. W. R. R. Co. v. Scott, 174 Ill. 413, that a judgment creditor of a partnership or of two joint judgment debtors, can not, by garnishment, reach a debt due one only of the partners, or owing to one only of the joint judgment debtors.   The legal reasons for the rule are fully stated in said opinions.   Under these decisions the true title of this garnishee proceeding is Kirkwood, Miller & Co. for the use of the Commercial National Bank v. Jefferson Orr and Ella M. Orr; and as neither of the Orrs owe said firm, the garnisheeing creditors can not recover.   It is urged that this point can not now be raised, and that the right of the bank to recover if said promise by Orr was not accepted by the beneficiaries is *res adjudicata* by virtue of the absence of reference to the rule above stated in the decision in 172 Ill.   That was an appeal by the bank.   The court below had determined the controversy for the beneficiaries.   They had no occasion to assign cross-errors. That record is not before us, nor the propositions of law requested at that trial, nor the briefs there filed.   We can not know whether or not the point now under discussion was then raised.   We can not say from the record before us that any decision has been made which bars the beneficiaries from now availing of that defense.

The judgment is affirmed.

Mr. Justice HIGBEE took no part in the decision of this case.