## THE COMMERCIAL NATIONAL BANK *et al.*

### *v.*

### KIRKWOOD, MILLER & CO.

*Opinion filed February 19, 1900.*

1. GARNISHMENT—*debt due one partner not subject to garnishment by firm creditors.* A debt owing to one partner is not subject to garnishment by creditors of the partners; nor can the owner of a joint judgment reach, by garnishment, a debt owing to one of the joint judgment debtors.

2. SAME—*effect where the point relied upon was not urged in former appeals.* The fact that a ground for affirmance or reversal was not referred to by the Appellate or trial court as a reason for their judgments in former decisions of the case, does not preclude the Supreme Court, on subsequent appeal, from basing its judgment on such ground.

*Com. Nat. Bank* v. *Kirkwood, Miller & Co.* 85 Ill. App. 235, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

IRWIN & SLEMMONS, and McCULLOCH & McCULLOCH, for appellants.

A. G. CRAWFORD, and MATTHEWS & GRIGSBY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Allan C. Rush, a member of the firm of Kirkwood, Miller & Co., who were engaged in business in Peoria county, was the owner of certain lands and personal property situated in Pike county, which were sold by him to Jefferson Orr and Ella M. Orr. The transaction with reference to that sale began on December 28, 1892. On December 30, 1892, the firm executed, and on December 31 delivered, an assignment of the firm property for the benefit of creditors. That assignment did not transfer the personal property of Allan C. Rush. On January 2, 1893, Rush and Jefferson Orr made a new agreement, by which Jefferson Orr became liable for the payment of the total purchase money of said farm, viz., $20,280. By the latter instrument Jefferson Orr agreed with Rush to pay Benjamin Newman and several other creditors of Rush who were therein named, certain specified sums, provided the title to the lands bought of Rush by himself and wife on December 28, 1892, was perfect. After the purchase of the farm and the delivery of possession on December 28, 1892, and before paying for the same, Orr learned of the assignment, but had not seen the deed and could not determine whether it conveyed the individual property of Rush, and for this reason the question with reference to the sufficiency of the title arose. Subsequently Orr learned that the assignment did not act upon the individual property of Rush.

The Commercial National Bank and the Bank of Commerce of Peoria, Illinois, were creditors of the said firm of Kirkwood, Miller & Co., and began attachment suits against said firm in the circuit court of Peoria county. In the suit brought by the Commercial National Bank, garnishee summons was served upon Jefferson Orr and Ella M. Orr on January 2, 1893. Neither of the garnishees was indebted to Kirkwood, Miller & Co. From the testimony of Orr it appears this service of garnishment caused

him to delay payment to Benjamin Newman, and other
creditors of Rush, until the decision of the case.   The
persons whose debts were assumed and who were bene-
ficiaries in the instrument of January 2, 1893, sought to
enforce payment thereunder, and to this end filed a bill
in chancery in the circuit court of Pike county, which, on
hearing, resulted in a decree finding there was an equi-
table assignment of the purchase money of the lands to
the beneficiaries under the instrument of January 2, 1893,
and enjoining prosecution of the garnishee proceedings
in Peoria county.   The case was appealed to the Appel-
late Court for the Third District, where the decree was re-
versed, (*Commercial Nat. Bank* v. *Newman,* 55 Ill. App. 534,)
and on appeal to this court the judgment of the Appel-
late Court was affirmed, it being held that the interests of
equitable owners of choses in action could be protected
in courts of law in garnishee proceedings, and that a
court of equity of one county will not interfere where a
court of law of another county has acquired jurisdiction
of the subject matter and of the parties and has power
to determine the rights of the parties.   (*Newman* v. *Com-
mercial Nat. Bank,* 156 Ill. 530.)   Thereupon the garnishees
answered the interrogatories, and Newman and other
beneficiaries under the instrument of January 2, 1893, in-
tervened and set up their rights.   The Bank of Commerce
also appeared and asserted its claim, it having obtained
judgment against Kirkwood, Miller & Co.   The cause was
tried without a jury, and the finding and judgment of the
court were that the persons who were creditors of Rush
and whose debts were assumed in the instrument of Jan-
uary 2, 1893, were entitled to recover.   An appeal was
prosecuted to the Appellate Court for the Second Dis-
trict, where that judgment was affirmed. (*Commercial Nat.
Bank* v. *Kirkwood,* 68 Ill. App. 116.)   An appeal was prose-
cuted from that judgment to this court, where it was held
there was error in the trial court in ruling upon proposi-
tions of law.   This court further held that an agreement

between two parties for the benefit of a third is not a completed contract until acceptance or affirmance by the third party; that where there is a written agreement between a vendor and a vendee, by which the latter is to pay certain creditors of the vendor specified portions of the consideration, that does not, standing alone, constitute an equitable assignment of the fund, but there must first be an affirmance by the creditors of the terms of the agreement, and until such assent the agreement would not be sufficient to prevent the recovery of the fund by an attaching creditor. (*Commercial Nat. Bank* v. *Kirkwood,* 172 Ill. 563.) The record in that case did not show an acceptance by all the beneficiaries under the January 2, 1893, agreement, nor show whether any of the acceptances were before the service of garnishee process. The judgment was reversed and the cause remanded to the circuit court. The cause was again tried and much additional evidence was introduced as to the fact and date of acceptance by the beneficiaries, and the trial and Appellate Courts have found and held that the liability of Orr became fixed by the beneficiaries' acceptance of Orr as their debtor before the garnishment, and entered a judgment in favor of the beneficiaries.

Under the authority of *Commercial Nat. Bank* v. *Kirkwood,* 172 Ill. 563, with the proof as found by the trial and Appellate Courts as appears in this record, this judgment was authorized. The garnishees were not, nor have they ever been, indebted to Kirkwood, Miller & Co., so far as the evidence in this record is concerned. The judgment of each of these appellant banks is against the firm of Kirkwood, Miller & Co. It is not claimed or sought to be shown that the garnishees are indebted to any one other than Rush, one of the members of the latter firm. The banks are creditors of the firm, which is composed of several persons, and cannot by garnishment reach a debt due one, only, of the partners, or owing to one, only, of the joint judgment debtors. *Siegel & Cooper* v. *Schueck,*

167 Ill. 522; *Chicago and Northwestern Railway Co.* v. *Scott,* 174 id. 413.

It is insisted by counsel for appellants that garnishees cannot avail themselves of the defense that a judgment creditor of a partnership cannot by garnishment reach debts due one, only, of the partners, because it is raised for the first time in this case, and they insist that the same defense existed and should have been relied upon in the cases in 156 and 172 Ill. The decree rendered in the chancery case which was the subject of consideration in the case in 156 Ill. was reversed because the circuit court of Pike county had no jurisdiction, and it cannot be held that in such a case the decree is a bar to an action in the proper court. The case in 172 Ill. was decided expressly and alone on errors in holding and refusing to hold propositions of law. There was no reason why the garnishees should assign cross-errors in that case. Regardless of the fact of the assignment of cross-errors, this question springs from the record presented in this case, on which the appellants assign error. The sufficiency of the judgment, or whether the judgment should be reversed, is the question presented on this appeal, and the fact that in former decisions of this case neither the Appellate nor trial court has referred to that question as a reason for the respective affirmances or reversals of the judgments in the cases heretofore, does not preclude or bar the court or in any way estop it from stating any proposition of law which is sufficient to authorize an affirmance of the judgment. A judgment in favor of appellants could not be sustained because they, as firm creditors, are seeking to garnishee the individual creditor of one of the members of the firm, and the court may recite that as a reason for the affirmance of the case for so doing.

The judgment of the Appellate Court for the Second District is affirmed.                    *Judgment affirmed.*