## The Independent Filter Company, Plaintiff in Error, v. Charles Hilbig and Henry Widmann, Defendants in Error

### Gen. No. 15,663.

1. GARNISHMENT—*when defendant not estopped to deny indebtedness.* If a defendant in garnishment prior to action instituted admit liability to the judgment debtor and file an answer containing a like admission, he is not thereby precluded or estopped to show that he was not so liable to the judgment debtor if it is established that his admissions and answer were induced by the solicitation of the plaintiff and his attorney and were not predicated upon correct advice.

2. GARNISHMENT—*extent of recovery.* A creditor may by garnishment recover only such indebtedness as his debtor might recover in an action of debt or in an action of *indebitatus assumpsit.*

3. GARNISHMENT—*what not subject to.* A joint indebtedness cannot be garnished in a suit against one of the joint creditors.

4. ESTOPPEL—*what essential to application of doctrine.* A man is only precluded from alleging the truth when his assertion of a falsehood or his silence has been the inducement to action by the other party, which would result in loss if the opponent was permitted to gainsay what he had before asserted, or induced the other to believe by his acts.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

**Statement by the Court.** On February 3, 1908, Henry Widmann, the defendant in error herein, called at the office of the Independent Filter Company, the plaintiff

in error, and stated that he proposed buying some machinery of the kind sold by the plaintiff in error, to place in a brewery which he had bought at Laramie, Wyoming. He is further alleged to have stated that he owed upon the purchase price of the brewery the sum of $2200 to Charles Hilbig, from whom he had bought it. Mr. Goldman, president of the plaintiff in error, informed Widmann that Hilbig was indebted to his company in a considerable amount, and asked Widmann if the latter would help the company to get its money. Widmann agreed, with the understanding that he was to be put to no trouble or expense. Goldman then promised that Widmann shauld be put to no cost, and that his company would retain a lawyer for him who would file his answer in court without expense, it being the intention of the Independent Filter Company to begin an attachment suit against Hilbig, making Widmann garnishee defendant therein. This agreement and arrangement appear to have been made at the office of Mr. Sidney Stein, one of the attorneys for the plaintiff in error. Widmann stated to Mr. Stein that he had purchased the brewery; that he had paid down a portion of the purchase price, and was going back to Laramie to pay the balance and get his deeds. Thereafter suit was brought in attachment, and Widmann was served as garnishee. Mr. Elias Mayer, one of the attorneys for the plaintiff, drew up his answer, which was signed by Widmann. The name of Robert E. Crowe was attached as attorney for Widmann, and the answer was filed without cost to Widmann. Service was had upon Hilbig by publication, the certificate of publication being filed March 15, 1908. The record further shows that the answer of Widmann was filed February 15, 1908; that Widmann meantime went to Laramie, and on February 6th paid to Charles Hilbig, in the presence of his wife, the sum of $625, and gave a promissory note payable to the order of Hilbig and his wife for the

balance of the purchase price, upon which a deed and bill of sale were delivered to Widmann and he took possession of the premises. In August, 1908, suit was brought by Charles and Ida Hilbig on the note, and the attachment proceeding now under consideration was set up by Widmann as a defense. The court in Wyoming held that it was no defense, and judgment was rendered against Widmann. Later Robert E. Crowe withdrew as attorney for Widmann, and other attorneys entered their appearance for him in the case before us; on December 15, 1908, filed an amended answer, and on February 11, 1909, a second amended answer. In these two amended answers Widmann denied that he was indebted to Charles Hilbig and asserts that he was misled in the making of the first answer. The facts and circumstances are set up with considerable fulness. Upon hearing there was a finding in favor of Widmann and he was discharged as garnishee, judgment being entered against the plaintiff for costs.

STEIN, MAYER & STEIN, for plaintiff in error; HARRY M. ROSENBLUM, of counsel.

ADAMS & CANDEE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

A reversal of the judgment is asked, the reasons as stated being that Widmann, having once admitted his liability, "must show enough to discharge him," and that he has not done so; that the payment to Hilbig of $625 after Widmann had been served as garnishee is an admission that that amount was due him at the time garnishee summons was served; that because the plaintiff in error was induced to incur the expense of litigation in reliance upon the statements of Widmann,

Widmann is estopped from denying the truth of such statements; that improper evidence was offered; that the finding was against the weight of the evidence.

It clearly appears from the record that in consenting to allow himself to be made garnishee defendant in the attachment suit, the defendant in error was acting wholly under the guidance of the plaintiff in error and its attorneys and at their solicitation. The original answer filed was prepared by the attorneys for the plaintiff in error and was necessarily in English. The defendant in error, who was a German and a recent arrival in this country, testified that he did not understand the purport of it. If the actual situation as disclosed subsequently by the testimony had been stated by the defendant in error to a competent attorney acting solely in his interest, he would never have been allowed to sign this answer. It is perfectly apparent that the contract for the purchase of the brewery had not been carried out but was still executory. It has been held by this court that a creditor may by garnishment recover only such indebtedness as his debtor might recover in an action of debt or in an action of *indebitatus assumpsit*. Ryan et al., for use, etc., v. Kimberly et al., 118 Ill. App. 361. It is clearly apparent also that Hilbig could not at the time the attachment suit was brought have recovered in an action against Widmann; until a deed of the realty had been made and delivered and the possession of the personal property turned over to Widmann no action at law would have lain. It further appears that the title to the property expected to be conveyed was not in Hilbig alone, but in him jointly with his wife. It cannot be said that the plaintiff in error lost anything or was injured in any way by the statements made to it by Widmann, even if it be conceded—which the record does not warrant—that such statements were false. It is difficult to see, therefore, how the

doctrine of estoppel which is invoked by the plaintiff in error can have any possible bearing upon the case. The principle runs through the whole doctrine of estoppel that a man is only prevented from alleging the truth when his assertion of a falsehood or his silence has been the inducement to action by the other party, which would result in loss if the opponent was permitted to gainsay what he had before asserted, or induced the other to believe by his acts. (Patterson v. Lytle, 11 Pa. 53.) In Bigelow on Estoppel, 570 (5th ed.), it is said that the following elements must be present in order to establish an estoppel by conduct:

1. There must be a false representation or concealment of material facts.

2. The representation must have been made with knowledge of the facts.

3. The party to whom it was made must have been ignorant of the truth of the matter.

4. It must have been made with the intention that the other party should act upon it.

5. The other party must have been induced to act upon it.

The only action of the plaintiff in error which could be said to have been based upon what was told its president by Widmann, was the beginning of the suit against Hilbig and the joining of Widmann as garnishee defendant. The plaintiff in error lost nothing by this proceeding,—it still had its claim against Hilbig. There was no inducement on the part of Widmann which caused this action. On the other hand, the plaintiff in error induced Widmann to permit himself to be made a garnishee defendant in the attachment suit, and induced him to permit its attorneys to file his answer for him. When we come to consider the amended answer of Widmann which was filed by attorneys selected by himself and the testimony regarding its allegations, it is clear, if he could be con-

sidered to be indebted in any way to Charles Hilbig the indebtedness was to Charles Hilbig and Ida Hilbig jointly and not to the former alone. It has many times been held that a joint indebtedness cannot be garnished in a suit against one of the joint creditors (Commercial Natl. Bank v. Kirkwood, Miller & Co., 184 Ill. 139).

As in our opinion the defendant in error may not be held because of any statements he made to the officers and attorneys of the plaintiff in error prior to the beginning of the attachment suit, whether such statements were true or not, and being further of the opinion that there was no indebtedness existing between Hilbig and Widmann, we need not consider the other points raised by the plaintiff in error in its brief.

The finding of the Municipal Court was proper.

*Affirmed.*