### SIMON REID *et al.*

#### v.

### LOUIS DEGENER *et al.*

1. INFANCY—*plea of by one of several defendants.* When the plea of infancy is interposed and maintained by one of two defendants, it can not avail the other defendant, as to whom the contract sued on is valid and binding.

2. CONTRACT—*to accept another as paymaster, must be supported by a consideration.* An agreement by the holder of a promissory note to take a claim which the maker holds against a third person in payment thereof, without any consideration being shown for such promise, is not binding.

3. NOVATION—*parties to.* Where the holder of a promissory note agrees to take a claim held by the maker against a third person, in payment of the note, it is necessary, to the validity of such agreement, that such third person should be a party to such agreement, and promise to pay what he owes the maker of the note, to the holder thereof.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. CARTER, BECKER & DALE, for the appellants.

Mr. M. D. BROWN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court :

On the fifth day of January, 1874, Herman C. Degener and Louis Degener executed and delivered to Michael Brulebach their two promissory notes, one for one thousand dollars, the other for eight hundred dollars, bearing interest at ten per cent, and payable to Brulebach.   At the November term, 1874, of the Superior Court of Cook county, the plaintiffs, to whom the notes had been assigned, filed their declaration, together with the *cognovit* of the makers of the notes, and obtained judgment on the notes to the amount of nineteen hundred and ninety dollars.   At the same term, on November 17, 1874, an order was entered setting aside the judgment, except for the sum of six hundred and twenty-eight dollars and sixty-nine cents, and leave given the defendants to plead as to this balance.

Pleas were accordingly filed by the defendants. first, the general issue, second, infancy of Louis Degener.   To the plea of infancy, a replication was filed setting up a promise by Louis Degener, after he became of age.

There was a verdict for defendants, which the court refused to set aside.   A judgment for costs was rendered against the plaintiffs, to reverse which they appeal.

In support of the plea of infancy by Louis Degener, he testified he was twenty-one years of age on the 27th of September, 1874.   The plaintiffs proved by Louis Stagmiller that he was present at an interview between Louis Degener and Michael Brulebach, the payees of the notes, in November, 1874, at Louis Degener's farm, in which Bruleback asked Louis Degener to pay the notes in question, when Louis said he had no money then, but would pay them when he got it.   Herman C. Degener, the other maker of the notes, was present at this interview, and gives a coloring somewhat different.   He says, Brulebach asked his brother for money, and his brother told

him he had no money, and could not pay him anything. He did not say he would not ever pay it; did not use the words, "I will never pay it," but simply said, "I haven't got the money, and I can not pay it." The jury, perhaps, on this testimony, might have justified a verdict for the defendant Louis Degener, on the issue of infancy, but as to the other joint maker of the notes, Herman C. Degener, it could not, on the authority of *Kimmel* v. *Shultz et al.* Breese, 169, avail him. His contract was a valid one, and binding on him. The only question is, under the pleadings, can this alleged agreement with Brulebach, to take Forlin for paymaster, discharge defendant?

The issue was *non assumpsit.* That is disproved by the production of the notes. There is no plea in avoidance of this contract, no release or accord and satisfaction, nor is the alleged parol agreement pleaded.

It appears Forlin, the debtor of Louis Degener, was not present at the agreement, and no promise was made by him to pay his indebtedness to Brulebach. He might, for aught we know, have a valid set-off to the claim of Degener, and it was necessary he should be a party to the alleged agreement. But the agreement, as proved, was of no binding effect upon Brulebach, as there was no consideration therefor, and no transfer of any kind was made to him by Degener of his claim on Forlin, and he was under no legal obligation to perform on his part, nor could Degener be compelled to perform. It is true, as this court has often held, a third party may maintain an action on a promise made to another for his benefit, but this is not such a case. *Bristow et al.* v. *Lane,* 21 Ill. 194, where the authorities are reviewed and the cases commented on. In this case, nothing is shown but a promise by Brulebach to take the claim on Forlin in discharge of Degener's notes. No consideration whatever is shown for such promise, and it can have no binding effect. As this reverses the judgment, it is unnecessary to pass upon the motion for a new trial on the ground of newly discovered evidence.

The judgment is reversed, and the cause remanded for a new trial.                 *Judgment reversed.*