[S. F. No. 1471. Department One.—July 5, 1899.]

In the Matter of the Estate of JOHN RATHGEB, Deceased, JULES J. AGOSTINI et al., Respondents, v. ALBERT GUTTINGER, Appellant.

ESTATES OF DECEASED PERSONS—OMISSION OF PROPERTY FROM INVENTORY—WRONGFUL CLAIM OF EXECUTOR—REVOCATION OF LETTERS.—The failure of an executor to inventory property belonging to the estate which, without right, he claims as his own, is such misconduct of the executor as justifies the revocation of his letters testamentary; and the court has jurisdiction for the purposes of the revocation to inquire and determine whether the omitted property belongs to the estate, and whether the executor has, without sufficient reason, asserted ownership thereof in himself.

ID.—ORDER FOR PERSONAL PROPERTY—PRESUMPTION OF BAILMENT—STATUTE OF LIMITATIONS.—An order given by the decedent upon his tenant for the delivery of the possession of personal property, does not establish a gift, and the person who receives such property pursuant to the order must be presumed to have held it as bailee of the decedent; and the statute of limitations would

not run in his favor, in the absence of proof of an adverse claim
brought to the knowledge of the decedent.

ID.—ADJUDICATION UPON REVOCATION OF LETTERS—ESTOPPEL OF
EXECUTOR—ACTION TO RECOVER PROPERTY.—The court, though
having jurisdiction for the purpose of the revocation of letters
testamentary, to inquire as to the rightfulness of the claim of
the executor to property omitted from the inventory, is not
competent in such a summary proceeding to decide finally upon
the question of title; and the executor is not estopped by the
adjudication in such proceeding from showing title in himself
in an action to recover the property for the estate.

ID.—PROCEDURE FOR REVOCATION—STATEMENT OF CHARGES.—The
statement of the charges of misconduct of the executor, in the
petition upon which the court issues an order to the executor
to show cause why his letters should not be revoked, is suffi-
cient, without being reiterated in a separate document filed at
the hearing.

APPEAL from an order of the Superior Court of Alameda
County revoking letters testamentary.  F. B. Ogden, Judge.

The facts are stated in the opinion.

Otto Tum Suden, and F. J. Solinsky, for Appellant.

The fact that an executor claims adversely to the estate is
not ground for refusing or revoking his letters testamentary.
(*Estate of Bauquier*, 88 Cal. 302.)  The court had no jurisdic-
tion to settle the title to the property.  (*Estate of Haas*, 97 Cal.
234.)

A. Caminetti, and George E. De Golia, for Respondents.

The court had jurisdiction and discretionary power to revoke
the letters testamentary, when convinced of a breach of duty
on the part of the executor.  (Code Civ. Proc., secs. 1436, 1437,
1626; *Deck v. Gherke*, 6 Cal. 669; *In re Moore*, 83 Cal. 587;
*Mesmer v. Jenkins*, 61 Cal. 153.)

BRITT, C.—John Rathgeb, a resident of the county of Ala-
meda, died July 26, 1897, leaving a will whereby he appointed
Jules J. Agostini, Frank Bernasconi, and Albert Guttinger his
executors.  The will was duly admitted to probate on August
30, 1897, and letters testamentary were issued to said persons
named as executors.  On December 7th next following, said
Agostini and Bernasconi filed with the court their verified peti-

tion charging that Guttinger has concealed moneys, goods, and chattels belonging to the estate of said testator, and has failed to account to the estate for property, both real and personal, in his possession which belongs to said estate, and that he omitted to include in the inventory and appraisement of the estate previously filed certain real and personal property of the testator situated in the county of Calaveras, and that he has possession of such property and refuses to deliver it to the executors. They prayed that Guttinger be cited before the court to be examined on oath as to the matters charged, and for such order as the court should deem proper. The court made an order reciting the substance of said petition and directing that Guttinger appear on December 27, 1897, to be examined touching the said charges. It made a further order containing like recitals as the other, and reciting in addition that it appeared from credible information that Guttinger has committed or is about to commit a fraud on the estate, and has long neglected his duty as an executor, and directed that his powers as such be suspended until further investigation by the court; also that he show cause at the time and place appointed for his examination as above stated why the said letters testamentary issued to him should not be revoked. Service of copies of said orders and of said petition having been duly made on Guttinger, and he having been cited as required by the court, he filed answers denying the charges of his coexecutors, averring that all the property of which he is possessed is his own and that he is not bound to include it in any inventory of said estate, and denying that he had omitted any duty he owed to the estate or that he had committed any fraud thereon, or that he is about to commit such. At the hearing Guttinger was examined and other evidence was introduced; the court found the charges against Guttinger to be sustained, and ordered that his said letters be revoked; also that the other executors institute appropriate actions against him to recover the property of the estate in his possession. From the order revoking his letters he has appealed.

The statutory provisions under which the said proceedings were taken are in substance, so far as necessary to be stated, as follows: Whenever the judge of the superior court has reason

to believe, from his own knowledge, or from credible informa-
tion, that any executor has wasted or embezzled the property of
the estate, or is about to do so, or has committed or is about
to commit a fraud upon the estate, or has wrongfully neglected
the estate, he must suspend the powers of such executor until
the matter is investigated. (Code Civ. Proc., sec. 1436.) No-
tice of such suspension must be given to the executor, and he
must be cited to show cause why his letters should not be re-
voked. If he fail to appear in obedience to the citation, or, if
appearing, the court is satisfied that there exists cause for his
removal, his letters must be revoked. (Code Civ. Proc., sec.
1437.) "At the hearing, any person interested in the estate
may appear and file his allegations in writing, showing that the
executor . . . . should be removed; to which the executor
. . . . may demur or answer, as hereinbefore provided." (Code
Civ. Proc., sec. 1438.)

The court below found, among other things, that a certain
ranch and mine and also a quantity of personal property situ-
ated in the county of Calaveras, and in the possession of Gut-
tinger, belong to the estate of the testator and ought to be in-
cluded in the inventory thereof, and that Guttinger has ne-
glected to perform his duty as executor in failing and refusing
to return and inventory such property as part of the estate.
The appellant maintains that these findings were not sustained
by the evidence. It appears that the whole value of the prop-
erty as listed and appraised in the inventory actually filed is a
little more than six thousand six hundred dollars, while the
value of said Calaveras county property in the possession of Gut-
tinger is one hundred and fifty thousand dollars. There is no
dispute that it was all at one time owned by Rathgeb; but Gut-
tinger, who is the nephew of Rathgeb, claims that the same was
given to him by Rathgeb in his lifetime, and in support of his
contention he produced at the hearing a deed, of date January
23, 1893, purporting to be an absolute conveyance from Rath-
geb to him of the said real property, under which, as he testified,
he took possession of the described premises about January 24,
1894, and ever since has held the same. There was no personal
property described in the deed; and the record does not show
specifically of what the Calaveras county personalty consisted;

a particular description thereof was omitted from the transcript on appeal—possibly for the sake of brevity; it appears, however, to have been chatttels on and about both the ranch and mine and used in connection therewith. In January, 1894, Guttinger got possession of the personalty from one Holland, who had been Rathgeb's tenant of the ranch, in virtue of a written order for the possession thereof signed by Rathgeb and directed to Holland. He testified: "I claim this personal property because my uncle gave it to me, and I claim title to it. . . . . I have no other title to the personal property except the order to Holland." There was other evidence on which the respondents claim, as we understand their position, that the ranch and mine described in the deed of January 23, 1893, were conveyed to Guttinger in trust merely and subject to the dispositions of the grantor's will. We do not find it necessary to decide whether this view of that conveyance, which was adopted by the trial court, is correct.

For, although Guttinger stated in a general way that his uncle gave him the personal property, yet he testified to no word or act of Rathgeb sufficient to constitute a gift thereof. The order on Holland for possession of the same, which he said was his only title, did not show a gift. It is also to be observed in considering the statement of Guttinger that the court below was the judge of his credibility; his testimony, in some material particulars, was confused and to some extent contradictory of itself; while this may well have been the result of innocent lapse of memory, or want of skill in our language (he being a Swiss), yet on appeal we are unable to say that the remark of the trial judge, in announcing his decision, that Guttinger's testimony had not been "at all satisfactory," is not warranted by the record.

It is contended that the statute of limitations as to said personal property had run in favor of Guttinger before the death of Rathgeb. Waiving other considerations on this point, it is sufficient to say that no defense under the statute was proved; for although Guttinger may have had possession of the chattels for more than three years before his uncle's death, it is shown that he came into possession permissively; it is therefore to be presumed that he held them as Rathgeb's bailee, and it does

not appear that any claim by him to hold the same adversely to his uncle was ever brought to the knowledge of the latter.

A further argument advanced is that Guttinger's position antagonistic to the estate in respect to the property is no ground for his amotion from the office of executor. *Estate of Bauquier*, 88 Cal. 302, is cited to sustain this contention. It was held in that case that letters testamentary cannot be refused to the executor named in the will on the ground that he claims, as his own, property which legatees insist belongs to the estate. The court there dealt with the statute prescribing the grounds for refusing letters upon application therefor (Code Civ. Proc., sec. 1350), and held that the courts have no right to add to the disqualifications imposed by the legislature in such cases. The case here is different; for, as the court said in the case cited: "The executor may always be removed after appointment unless he discharges the duties of his trust faithfully and as directed by law"; necessarily, therefore, the court has power to determine, for the purposes of an inquiry into that question, whether the executor has refused wrongfully to inventory or otherwise account for property of the estate in his possession, and to remove him if he persists in such conduct; else the necessary steps required by law in the course of administration might be indefinitely delayed or prevented by his mere assertion of title to the property in himself. (See *Deck v. Gherke*, 6 Cal. 666.) In our opinion, the evidence was sufficient to justify the decision that Guttinger wrongfully refused to return and inventory the Calaveras county personalty as a part of the estate of Rathgeb, and without sufficient reason asserted ownership thereof in himself; this was a clear neglect of his duty as executor, and was statutory ground for his removal. It is proper, perhaps, to add that neither the decision here nor that of the court below can estop Guttinger in a suit against him to recover any of said property for the estate; the superior court, in this summary proceeding, is not competent to decide finally upon the question of title.

It is also contended that no proper issues were made or tried touching the liability of Guttinger to be removed. This contention seems to rest mainly on the circumstance that no formal statement of charges was filed except the petition of De-

cember 7, 1897, presented by his coexecutors. The objection is not well taken; said petition contained charges upon which the court, under the authority of sections 1436 and 1437 of the Code of Civil Procedure, suspended Guttinger's powers and cited him to appear and show cause why his letters should not be revoked; said section 1437 evidently contemplates that the charges which, if believed by the court, may be ground for suspending the representative, shall also, if proved upon a hearing, be ground for removing him, and we see no sufficient reason to say that when they are formulated in a sworn statement prior to issuing a citation to show cause they must afterward be reiterated in a separate document. (Compare *Estate of Kelley*, 122 Cal. 379, 382.) The provisions of section 1438, allowing any person interested in the estate to appear at the hearing and file charges against the representative, cannot be construed as requiring charges previously made to be filed anew, for the section further declares that the executor or administrator may demur or answer to allegations filed at the hearing "as hereinbefore provided"—apparently referring to proceedings already on foot to compel him to show cause, and in which he has, or may have, made answer.

Some minor questions of procedure are raised. We have inquisitively examined them all and find no prejudicial error. The order appealed from should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.