[S. F. No. 7619.   In Bank.—August 4, 1916.]

## EUSEBIUS J. MOLERA, as the Executor of the Last Will of Ana M. Wohler, Deceased, Respondent, v. MABEL ELLSWORTH COOPER, Appellant.

PROMISSORY NOTE—AGREEMENT TO HOLD PRINCIPAL AND INTEREST IN
TRUST FOR THIRD PERSONS—PLEADING.—In an action upon a
promissory note against the maker, an answer alleging that sub-
sequent to the execution of the note it was agreed between the
defendant and the payee that in consideration of the extinguish-
ment of the note by the payee and the release by her of all obliga-
tion of the defendant thereon, the defendant would hold the
amount of the principal and interest from the date of the note,
in trust, and would thenceforth apply and pay the same to the
joint use and benefit of certain named beneficiaries, in equal shares;
that during the minority of said beneficiaries, the defendant would
apply said money according to her discretion; that the maker ac-
cepted said agreement and declaration of trust in full satisfaction
of the note, and then and there verbally released the defendant
from the obligation thereof, and that the defendant has ever since
held said amount of money upon the said trust, and that the bene-
ficiaries named own the entire beneficial interest in said sum of
money, subject to the trust, fails to state a defense, when tested
by a demurrer on the ground of uncertainty, in the absence of
an allegation that the defendant, at the time of the agreement,
then had in her possession or under her control the money owing
upon the note, or that she had at any time since procured the same
and devoted it to the trust, or that she was then or has been since,
solvent and able to do so.

ID.—PROMISE TO HOLD IN TRUST MONEY TO BE OBTAINED—ALTERATION
OF WRITTEN AGREEMENT—UNEXECUTED PAROL AGREEMENT.—A mere
promise to obtain money and thereupon hold it in trust does not
create a trust until it is at least so far executed that the money

has been obtained in accordance with the promise. Considered in that light the agreement between the payer and payee was ineffectual to alter or extinguish the note, since it was an attempt to alter a written agreement by an unexecuted parol agreement.

ID.—NOVATION—NEW OBLIGATION TO THIRD PARTIES—AGREEMENT BY ALL ESSENTIAL.—Such agreement was ineffectual as a novation, under section 1531 of the Civil Code, because the beneficiaries to whom the obligation was to run did not accept the same or agree thereto. A novation whereby a new obligation to a third party is substituted cannot be made unless all agree.

ID.—TENDER OF INTEREST AFTER MATURITY OF NOTE—FURTHER RUNNING OF INTEREST ON PRINCIPAL.—The tender, after maturity of a note, of the interest then due, does not stop the running of further interest upon the principal, but at most only the running of interest upon the interest then tendered and refused.

ID.—INTEREST RECOVERABLE LIMITED TO RATE SPECIFIED.—In an action on a promissory note, no greater rate of interest is recoverable from maturity to the date of the judgment than that specified in the note.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Carlton W. Greene, for Appellant.

Charles W. Slack, and Chauncey S. Goodrich, for Respondent.

SHAW, J.—The plaintiff sued upon a promissory note for one thousand dollars executed to the testatrix, Ana M. Wohler, by the defendant. A demurrer to the third amended answer was sustained and judgment was thereupon given for the plaintiff. From this judgment the defendant appeals.

The note sued on was dated July 2, 1909, and was payable two years after date. The first count of said answer alleges that on April 10, 1911, it was agreed between the defendant and Mrs. Wohler that in consideration of the extinguishment of said note by Mrs. Wohler and the release by her of all obligation of the defendant upon said note, the defendant would thereupon hold said amount of one thousand dollars and interest from the date of said note, in trust, and would thenceforth apply and pay the same to the joint use and bene-

fit of Isabel Ellsworth Cooper and Gladys Greene Cooper, in
equal shares; that during the minority of said two beneficiaries
the defendant would apply said moneys according to the dis-
cretion of her, said defendant; that said Ana M. Wohler ac-
cepted said agreement and declaration of trust of the defend-
ant in full satisfaction and extinction of said note and then
and there verbally released the defendant from the obligation
thereof, and that the defendant has ever since April 10, 1911,
held said amount of money upon the said trust, and that said
Isabel and Gladys own the entire beneficial interest in said
sum of money, subject to the trust stated.

It is not alleged that the defendant then had in her pos-
session or under her control the money owing upon said note,
or that she has at any time since procured the same and
devoted the same to said trust, or that she was then or has
been since, solvent and able to do so. One ground of demurrer
was that the answer was uncertain in that it cannot be ascer-
tained therefrom what particular moneys the defendant held
in trust as set forth therein, or whether or not any specific
amount of money was held in trust. In view of this ground
of demurrer the allegation that the defendant has ever since
April 10, 1911, "held and does now hold said amount of
money upon the trust proposed" is not to be construed as
meaning that the defendant then had the money in hand,
or has at any time since then possessed the same and devoted
it to said trust. If she had desired to allege these facts she
should have done so more specifically. The agreement is to
be taken as a conclusion of the pleader upon the facts pre-
viously stated in the endeavor to allege a valid trust. The
case must be considered upon the theory that all she did in
regard to the creation of a trust was to agree that she would
thenceforth hold the sum of money specified in the note in
trust for the two children mentioned. It is alleged that these
two children were minors then of the age of eight and four
years, respectively, and that the defendant and their father
were joint guardians of the estates of said minors, and it is
not alleged that either of them as guardian has agreed to
the said arrangement with Mrs. Wohler.

It is clear that no trust was created by the aforesaid ar-
rangement. There never was any property in existence which
could be the subject of the trust. The debt owing from the
defendant to Mrs. Wohler was a property right vested in Mrs.

Wohler, but no property or estate therein was vested in the defendant which could be the subject of any trust. A mere promise to obtain money and thereupon hold it in trust does not create a trust until it is at least so far executed that the money has been obtained in accordance with the promise. Considered in that light the agreement between the payer and the payee was ineffectual to alter or extinguish the note, since it was an attempt to alter a written agreement by an unexecuted parol agreement. (Civ. Code, sec. 1698.)

The decision in *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], is not authority for the proposition that a trust can be created by the mere promise of a debtor to the creditor to obtain money and hold it in trust for a third person. The subject matter involved in that case was money on deposit in the bank. It is clear from a reading of the decision that the money was considered by the court as money actually in possession of the bank belonging to the depositor, and that the effect of the transaction was that the bank thereupon agreed to hold the money so on deposit in trust for the benefit of sisters of the depositor. In the present case, as we have said, there is no sufficient allegation that there was anything on hand to be made the subject of a trust.

Considered as a novation, it was ineffectual for the reason that the persons to whom the obligation was to run, the two children, did not accept the same or agree thereto. Under section 1531 of the Civil Code a novation is made.

"1. By the substitution of a new obligation between the same parties, with intent to extinguish the old obligation;

"2. By the substitution of a new debtor in place of the old one, with intent to release the latter; or,

"3. By the substitution of a new creditor in place of the old one, with intent to transfer the rights of the latter to the former."

The second mode is not involved. It is not claimed that any new debtor was substituted. It was ineffectual as a novation under the first mode and under the third mode because no new obligation was created and no new creditor was substituted. The proposal was to create a new obligation in favor of the two children. A novation whereby a new obligation to a third party is substituted cannot be made unless all agree. As is said in 3 Elliott on Contracts, section 1867: "All must agree, for it requires the consent of the original

parties to change the old contract or their relations to it and extinguish the liability, and of the parties to the new contract to create it.'' The following cases announce the same doctrine: *McKinney* v. *Alvis,* 14 Ill. 33; *Reid* v. *Degener,* 82 Ill. 508; *Commercial Bank* v. *Kirkwood,* 172 Ill. 568, [50 N. E. 219]; *Kirchman* v. *Standard Coal Co.,* 112 Iowa, 673, [52 Am. St. Rep. 318, 84 N. W. 939]; *Darling* v. *Rutherford,* 112 Mich. 70, [83 N.. W. 999]; *Hanson* v. *Nelson,* 82 Minn. 220, [84 N. W. 742]. There was no new obligation created to the children for neither they nor their guardians consented to it or accepted it. For the same reason there was no transfer to them of the rights of the original obligee. The arrangement lacked these essential elements of a novation.

In the second count of the answer defendant alleged that on August 19, 1911, which was after the maturity of the note, she had tendered to the payee the amount of interest due upon the note which the payee refused to accept. This, it is claimed, stops the running of interest upon the note. (Civ. Code, sec. 1504.) At that date the defendant owed not only the interest but the principal of the note. The tender of the interest alone could not stop the running of further interest upon the principal, but at most only the running of interest upon the interest then tendered and refused. As no compound interest is demanded, this count is insufficient as a defense.

It appears from the record herein that the judgment entered in the superior court is erroneous in the matter of interest. In view of the provisions of the note, the plaintiff was entitled to interest at five per cent per annum only, to the date of judgment, while the judgment as entered awarded interest at the rate of seven per cent per annum from the maturity of the note to the date of judgment.

The portion of the judgment of the superior court commencing: ''Now, therefore, it is hereby ordered, adjudged, and decreed that the said plaintiff have judgment herein,'' etc., is hereby modified to read as follows, viz.: ''Now, therefore, it is hereby ordered, adjudged, and decreed that the said plaintiff have judgment herein against the said defendant for the sum of one thousand ($1,000) dollars in gold coin of the United States, with interest thereon at the rate of five (5) per cent per annum, from the second day of July, A. D. 1910, to the date hereof, and for his costs herein,

amounting to the sum of $14.75. Dated this 25th day of March, A. D. 1914,''—and as so modified it is hereby affirmed. Appellant shall not recover her costs.

Henshaw, J., Melvin, J., Lorigan, J., and Lawlor, J., concurred.