[Civ. No. 4230. First Appellate District, Division Two.—May 22, 1922.]

MARY ESPONDA, Respondent, v. J. J. KELLY et al., Appellants.

[1] BAILMENT—SUBSTITUTED BAILEE—NOVATION—STATUTE OF LIMITATIONS.—Where cattle in the possession of a bailee for hire were taken and received by a third party upon the promise of the latter to return and redeliver them to the bailor upon demand, and the bailor approved the transaction and released the original bailee, a novation was constituted and the statute of limitations did not run in favor of the substituted bailee until a demand for the return of the cattle had been refused.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. B. Beaizley for Appellants.

Dorris & Henderson and Kaye & Siemon for Respondent.

NOURSE, J.—Action for damages for conversion. Plaintiff recovered judgment and defendants appeal. The case comes before this court on the judgment-roll alone, no transcript of evidence or bill of exceptions having been filed. The facts as found by the trial court are that at all times prior to September 5, 1917, plaintiff's husband, Bernardo Esponda, was the owner of and entitled to the possession of certain personal property, to wit, nine head of cattle, which was the community property of plaintiff and her husband; that on that date he assigned to plaintiff as her separate property all of his right, title, and interest therein, together with all rights, claims, and demands growing out of his previous ownership thereof; that on or about September 22, 1914, plaintiff's assignor placed said cattle, which were then calves of approximately one year of age, in the care, custody, and keeping of one Ansolabehere as a bailee for hire for the purpose of pasturing them, and Ansolabehere then and there agreed to return the cattle to plaintiff's assignor upon demand. Five days later "defendant J. J. Kelly took and received the said cattle from the possession of the said Ansolabehere, and in consideration thereof the said J. J. Kelly then and there promised, undertook and agreed to and with the said Ansolabehere to return and redeliver said cattle to the said Bernardo Esponda upon demand of said Bernardo Esponda in consideration of the cancellation by said Bernardo Esponda of the obligation of said Ansolabehere to redeliver said cattle on demand and the acceptance by said Esponda of the promise and agreement of the defendant J. J. Kelly in lieu of and as a substitute for such obligation of said Ansolabehere; and thereafter on or about January 1, 1915, said Esponda approved and ratified the agreement so made by the defendant J. J. Kelly with the said Ansolabehere and accepted the same as a substitute for and released the said Ansolabehere from and canceled the obligation of said Ansolabehere to redeliver said cattle to said Esponda on demand''; that thereafter, and on or about September 27, 1917, after receiving the assignment referred to, plaintiff made demand upon defendant J. J. Kelly for the return of said property, but the said defendant then and there failed, refused and neglected and at all times since has continued to fail, refuse and neglect to return or redeliver said

property or any part thereof to the plaintiff or to the plaintiff's husband, and said Kelly thereupon converted said property and the whole thereof to his own use and benefit. Defendants pleaded that the action was barred by the provisions of section 338, subdivision 3, and section 339, subdivision 1, of the Code of Civil Procedure, prescribing respectively three and two years as the period of limitation.

[1] The only point made by appellant is that demand for the return of the property was not made within time; that the time within which it should have been made was coincident with the period provided in the statute of limitations for barring the action. There is no merit in this contention. J. J. Kelly's possession of the property was with the consent of plaintiff's assignor and under an express agreement to return it upon demand. The facts shown constitute a novation (Civ. Code, sec. 1531; *Molera* v. *Cooper*, 173 Cal. 259 [160 Pac. 231]) by which he was substituted for the original bailee. Any assertion of an adverse claim by appellant J. J. Kelly of which respondent or her assignor had either actual or constructive notice may have set the statute in motion, but so long as he held the property as bailee for respondent or her assignor and recognized that relation the statute would not run in his favor. (*Estate of Rathgeb*, 125 Cal. 302 [57 Pac. 1010].) The refusal to comply with respondent's demand amounted to a conversion of the property and a cause of action then arose.

Judgment affirmed.

Sturtevant, J., concurred.