[Civ. No. 6532. First Appellate District, Division One.—December 31, 1928.]

W. H. McINDOE et al., Appellants, v. WILL COOLEY et al., as Executors, etc., Respondents.

George W. Howe for Appellants.

John L. Childs for Respondents.

KNIGHT, J.—This is an appeal by plaintiffs from a judgment of dismissal entered after a demurrer to an amended complaint had been sustained without leave to amend, in an action to recover upon a rejected claim presented against the estate of Nettie C. Scott, deceased.

The amended complaint sets forth the following facts: On April 29, 1920, plaintiffs purchased certain lands from the deceased and in payment of the purchase price executed and delivered to her their promissory note for $26,250, secured by a mortgage on the property so purchased. The sale was made on the basis of $250 an acre for all arable land. In October, 1921, plaintiffs discovered that the tract contained a somewhat less number of acres of arable land than the deed called for, and thereupon, the complaint alleges, the deceased agreed that she would give plaintiffs credit for the sum of $3,112.50, and indorse such credit on the note. Mrs. Scott died on May 31, 1924, and in July, 1924, plaintiffs ascertained that she had failed to make the indorsement on the note as agreed; whereupon plaintiffs presented a claim against Mrs. Scott's estate demanding payment of the sum of $3,112.50; and upon rejection of the claim commenced this suit. The prayer of the complaint is for a money judgment in the sum of $3,112.50, and for costs and general relief.

The complaint does not allege nor do plaintiffs claim that the sum they seek to recover in the present action, or any part of it, or the promissory note or any part of it, have ever been paid to Mrs. Scott or to her estate. All that is alleged and claimed is that upon the discovery of the fact that there was a shortage in the acreage Mrs. Scott orally agreed to allow credit therefor on the note. Under such circumstances it would seem apparent that plaintiffs are not entitled to a money judgment. If the promissory note, or even the amount sued for herein, had been paid, so that it would be made to appear that such payment constituted an overpayment resulting either through mistake or from

fraudulent practices, a different situation would be presented; but, as stated, plaintiffs make no claim either in their complaint or in their briefs that the amount that they are now suing for was ever paid to Mrs. Scott or to her estate. Obviously, therefore, they cannot recover that which they have not paid, nor can they recover on an independent oral promise to pay said sum because the affirmative allegations of the complaint show that no such promise was ever made.

On the other hand, if it be assumed that we may treat the allegations of the complaint relating to the presentation and rejection of the claim as surplusage, and totally ignore the prayer of the complaint, and, as the complaint is thus emasculated, construe the same as one to compel the executors to allow the credit on the note and to indorse the same thereon, as orally agreed by Mrs. Scott, the cause of action pleaded would then constitute an attempt to alter the terms of a written contract by an executory parol agreement, which, of course, may not be done (Civ. Code, sec. 1698; *Bennett* v. *Potter*, 180 Cal. 736 [183 Pac. 156]).

As held, a promissory note is a written contract within the meaning of the foregoing code section (*Molera* v. *Cooper*, 173 Cal. 259 [160 Pac. 231]), and any parol agreement made between the maker and payee to change its terms is ineffectual as being in violation of said code section (*Henehan* v. *Hart*, 127 Cal. 656 [60 Pac. 426]). In the latter case the parties agreed to extend the time of payment of the note; and in our opinion there can be no difference in principle between a parol agreement to extend the time of payment of a note and a parol agreement to reduce the amount of its principal.

The questions of whether or not an action may be maintained for the reformation of the terms of the note, or whether the credit agreed to be given by Mrs. Scott could be successfully pleaded and urged as a payment in case suit on the note were instituted by the payee for its collection, are matters with which we are not here concerned, and therefore need not be considered nor decided.

In further support of the order sustaining the demurrer defendants contend that in any event the cause of action attempted to be stated is barred by the statute of limitations (subd. 4, sec. 338, Code Civ. Proc.), but in view of the con-

clusions we have reached on the other points involved, this latter question becomes immaterial.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.