[Civ. No. 20370.   Second Dist., Div. Three.   Jan. 20, 1955.]

CARL C. ALFORD, Appellant, v. CARL EDWARD BELLO et al., Defendants; MIKE CONROTTO, Respondent.

Miller & Jones and Philip F. Jones for Appellant.

Henry R. Thomas, Wayne Veatch and Henry F. Walker for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of nonsuit in favor of defendant Mike Conrotto in an action for personal injuries and property damage resulting from the negligent operation of a motor truck and semitrailer on a public highway.

About 7 p. m. on October 22, 1951, while driving on San Fernando Road in Los Angeles, plaintiff was struck by a heavy truck and semitrailer driven by defendant Bello. Plaintiff sued Bello and Conrotto, alleging that the truck and semitrailer was operated by Bello within the course and scope of his employment as an employee of Conrotto. Conrotto answered. Bello defaulted, and at the trial judgment was entered against him in plaintiff's favor for $7,500.

Bello was the registered owner of the truck and semitrailer. Bello never had been issued a permit or other operating authority to act as a truck carrier of any type.

Conrotto was a highway permit carrier, operating a string of trucks in California as a radial highway common carrier. His headquarters were in Gilroy with a branch office in Los Angeles. Conrotto had authorized his Los Angeles dispatcher to give Bello hauling jobs contracted for by Conrotto. There was no writing between Conrotto and Bello.

Between September 19 and October 22, 1951, the date of

the accident, Bello had used his truck about 16 times to haul goods contracted to be carried by Conrotto under oral arrangements with Conrotto's Los Angeles representative. In each case, the goods were picked up by Bello at the place where he was told to get them by Conrotto's dispatcher. Conrotto paid Bello for the haul at the legal rate less 10 per cent and less the amount of the California gross receipts tax chargeable for the haul. All bills of lading and other documents for each shipment were handled by Conrotto's office, not by Bello. All dealings with the shipper were handled directly by Conrotto's office except that the shipper told Bello where the goods were to be delivered when he went to pick them up.

Conrotto never made any inquiry as to whether Bello had authority to operate as a highway carrier nor did he ever order any member of his firm to do so. He had no knowledge from any source whether Bello was an authorized carrier or not.

On the date of the accident Conrotto had a contract to haul a load of floor tile. Bello was told to pick up the load by Conrotto's dispatcher. He did so; and while hauling the load, collided with plaintiff. Conrotto paid Bello $64.56 for hauling the load. He did not give any hauling jobs to Bello after the accident.

At the close of plaintiff's evidence as to liability, it was stipulated that the motion of Conrotto for a judgment of nonsuit could be heard and determined. The motion was granted and a judgment entered accordingly. Plaintiff appeals.

Plaintiff contends the evidence raised a presumption that Bello was acting as Conrotto's employee at the time of the accident and that it was error to grant the motion for a judgment of nonsuit.

Bello was hauling for Conrotto, who paid him. In doing the hauling he was acting either as an employee of Conrotto or as an independent contractor. If there was any evidence from which the jury reasonably could have found that he was acting as Conrotto's employee, the motion for judgment of nonsuit should have been denied. Bello could have done the hauling legally on his own behalf as an independent contractor only if he possessed a valid permit or other type of operating authority to act as a highway carrier. (Pub. Util. Code, §§ 1061-1073, 3501-3545; *Gilbert* v. *Rogers,* 117 Cal.App.2d 712, 717 [256 P.2d 574].) A "highway carrier"

is defined as "every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, engaged in transportation of property for compensation or hire as a business over any public highway in this State by means of a motor vehicle. . . ." (Pub. Util. Code, § 3511.) Section 3543 provides: "No highway carrier shall operate any motor vehicle over any public highway unless there is displayed on the vehicle a distinctive license plate in the form prescribed by the commission, showing the classification to which the carrier belongs. No such license plate shall be issued by the commission until a permit under this chapter, or a certificate of public convenience and necessity under Part 1 of Division 1 has been issued to the carrier." A highway carrier must deposit with the Public Utilities Commission a policy of insurance or a bond of a surety company providing protection against liability upon the highway carrier for the payment of damages for personal bodily injuries to one person in the amount of not less than $15,000; and against a total liability on account of bodily injuries to more than one person as a result of any one accident in the amount of not less than $30,000; and in an amount not less than $10,000 for one accident resulting in damage or destruction of property. (Pub. Util. Code, §§ 3631, 3632.) No permit or other type of operating authority had ever been issued to Bello by the Public Utilities Commission. A person who fails to comply with the provisions of the Public Utilities Code with respect to highway carriers is guilty of a misdemeanor. (Pub. Util. Code, §§ 3802, 3804.)

It is presumed that a person is innocent of crime or wrong and that the law has been obeyed. (Code Civ. Proc., § 1963, subds. 1, 33.) ▪ The presumptions are evidence and if not controverted the trier of fact is bound to find in accordance with them. (18 Cal.Jur.2d 491, § 67.) Bello was transporting property of others for compensation over a public highway by means of a motor vehicle at the time of the accident. The arrangements between Conrotto and Bello were entirely oral. ▪ It is presumed that in transporting the property he was innocent of crime and was obeying the law. The presumptions are evidence that he was not acting as an independent contractor since if he were acting as such he would be guilty of a crime. It must then be inferred that he was Conrotto's employee. No status other than that of employer-employee could have been found under the evidence without disregarding or rebutting the presump-

tion of Bello's innocence of crime and obedience of the law. There is no question but that if Bello was Conrotto's employee he was acting within the course of his employment at the time of the accident. The inference that he was Conrotto's employee was enough to compel denial of the motion for judgment of nonsuit.

In *Robinson* v. *George*, 16 Cal.2d 238 [105 P.2d 914], a judgment of nonsuit was granted the defendant corporation on the ground the individual defendant was an independent contractor. Reversing, the court declared (p. 242):

"The rule, as stated by plaintiff, is that the fact that one is performing work and labor for another is *prima facie* evidence of employment and such person is presumed to be a servant in the absence of evidence to the contrary. . . . [W]here the arrangements between an employer and employee are entirely oral as in this case, a determination as to the relationship of these parties is within the province of the jury. . . . [P. 244.] Since practically the only evidence as to the nature of the relationship of the parties is the presumption arising out of the fact that defendant George was rendering services to the defendant corporation, the jury could have found that he was doing it in the capacity of a servant; and, since no evidence was introduced by the defendant corporation to rebut this presumption, we are of the opinion that the evidence would have been sufficient to support a finding of an employer-employee relationship."

Conrotto was a radial carrier. He argues that application of the presumptions that Bello was innocent of crime and that he obeyed the law requires that it be presumed that he (Conrotto) disobeyed the law. The conclusion does not necessarily follow. The fact that Conrotto employed Bello together with his truck to do hauling does not compel the conclusion that he (Conrotto) knew that Bello did not have a permit or other operating authority to act as a highway carrier. In fact, Conrotto testified he had no knowledge on the subject.

In view of our conclusion, it is not necessary to consider other points made by plaintiff.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 15, 1955.