[Civ. No. 24150. Second Dist., Div. Three. June 10, 1960.]

MARGUERITE NIIYA, Respondent, v. JAMES M. GOTO, Appellant.

E. W. Miller for Appellant.

Hiram W. Kwan for Respondent.

VALLÉE, J.—Appeal by defendant from an order granting a new trial after judgment for defendant in an action for the recovery of personal property. The cause was tried by the court sitting without a jury. The order was made on the ground of insufficiency of the evidence to sustain the decision.

Prior to October 1953 the property in question, consisting of furniture and furnishings, belonged to plaintiff. She kept it in a small apartment at 3001 Ganahl Street in Los Angeles, where she was living. About October 1, 1953, she told defendant she was going to move to her parents' residence and place the property in storage. Defendant said he would store it for her at his house until she needed it; he would have the use of it and she would have the advantage of not having to pay storage. Plaintiff agreed. Asked how long the property was going to stay there, plaintiff testified "the time was indefinite"; that she asked defendant if, should he decide to sell the house, he would give her notice so she could take her property out, and he said "Yes"; that she asked him whether she could take it out when she needed it herself, and he said "Yes." The furniture and furnishings were then moved to defendant's vacant house on Warwick Street in South Pasadena and used by defendant. On April 18, 1957, plaintiff demanded return of the furniture and furnishings. Defendant refused.

Defendant's appeal is predicated on the erroneous assumption that there was uncontradicted evidence defendant agreed to store the furniture and furnishings in his house in consideration of plaintiff's engaging in an illicit relation with him, and the court was compelled to so conclude. He says the contract was based on an immoral and illegal consideration; that it was therefore void and cannot be enforced.

Plaintiff testified she had not at any time lived in the Warwick Street house after the furniture was moved there; she never spent the night there; she had never lived with defendant; and she had never had sexual intercourse with him. Defendant calls attention to some contradictory evidence and contends the court should have accepted it instead of giving credit to plaintiff's testimony. He misconceives the rules that are applicable on an appeal from an order granting a new trial on the ground of insufficient evidence, and his contention is little less than absurd. ■ Further, a con-

clusion that plaintiff engaged in an illicit relation with defendant is rebutted by the presumption that a person is innocent of wrong and the presumption of chastity which is but another application of the same basic presumption of innocence. (Code Civ. Proc., § 1963, subd. 1; *Estate of Russell,* 189 Cal. 759, 771 [210 P. 249]; *Brill* v. *Brill,* 38 Cal. App.2d 741, 745 [102 P.2d 534]; *Estate of Hull,* 63 Cal.App. 2d 135, 143 [146 P.2d 242].) ▮▮▮ These presumptions are evidence and will support a finding in accordance with them. It is only when the uncontradicted testimony of the party himself or his witnesses is ''wholly irreconcilable'' with the presumptions that the latter are dispelled and disappear from the case. (Code Civ. Proc., §§ 1957, 1961; *Bradner* v. *Vasquez,* 43 Cal.2d 147, 153 [272 P.2d 11]; *Grantham* v. *Ordway,* 40 Cal.App. 758, 760 [182 P. 73]; *Wahrenbrock* v. *Los Angeles Transit Lines,* 84 Cal.App.2d 236, 239 [190 P.2d 272]; *Alford* v. *Bello,* 130 Cal.App.2d 291, 294 [278 P.2d 962]; *Voorheis* v. *Hawthorne-Michaels Co.,* 151 Cal.App.2d 688, 695 [312 P.2d 51].) The evidence introduced by plaintiff in the present case is not ''wholly irreconcilable'' with the presumptions. We have examined the record with care and find no evidence of an agreement that defendant would store plaintiff's furniture and furnishings in his house in consideration of plaintiff's engaging in an illicit relation with him. Defendant did not testify.

▮▮▮ In passing on a motion for a new trial based on the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of the testimony, and weigh the evidence; and only when it can be said as a matter of law that there is no substantial evidence to support a contrary judgment will a reviewing court reverse the order of the trial court. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]. See the comprehensive statement of this court in *Marlowe* v. *City of Los Angeles,* 147 Cal.App.2d 680, 683 [305 P.2d 604]; also *Jensen* v. *Western Pioneer Ins. Co.,* 151 Cal.App.2d 570, 573 [312 P.2d 285]; *Hughey* v. *Candoli,* 159 Cal.App.2d 231, 234 [323 P.2d 779].) ▮▮▮ It is obvious from the evidence we have related that it cannot be said as a matter of law that there is no substantial evidence to support a contrary judgment, that is, a judgment in favor of plaintiff. The trial judge did not abuse his discretion in granting the motion for a new trial on the ground of insufficiency of the evidence.

In view of another trial, it is necessary to pass on and determine another question of law involved in the case. (Code Civ. Proc., § 53.)[1] The answer alleges the action is barred by the provisions of subdivision 3 of section 338 of the Code of Civil Procedure which provides that an action for detaining any goods or chattels, including actions for the specific recovery of personal property, shall be commenced within three years after the cause of action shall have accrued. The question was not determined by the trial court.

The relation between the parties was that of bailor and bailee. "In a broad sense a bailment is the delivery of a thing to another for some special object or purpose, on a contract, express or implied, to conform to the objects or purposes of the delivery which may be as various as the transactions of men. (*People* v. *Cohen*, 8 Cal. 42, 43.) Ordinarily the identical thing bailed or the product of, or substitute for, that thing, together with all increments and gains, is to be returned or accounted for by the bailee when the use to which it is to be devoted is completed or performed or the bailment has otherwise expired. . . . (7 Cal.Jur.2d 616, § 2; 8 C.J.S. 225, § 2, 251, § 20, 303, § 37; 6 Am.Jur. 242, § 92, 318, § 208.)" (*H. S. Crocker Co., Inc.* v. *McFaddin*, 148 Cal.App.2d 639, 643 [307 P.2d 429].)

Civil Code, section 1814, provides: "A voluntary deposit is made by one giving to another, with his consent, the possession of personal property to keep for the benefit of the former, or of a third party. The person giving is called the depositor, and the person receiving the depositary."

Section 1822 provides: "A depositary must deliver the thing to the person for whose benefit it was deposited, on demand, whether the deposit was made for a specific time or not. . . ."

Section 1825 provides: "A depositary must give prompt notice to the person for whose benefit the deposit was made, of any proceedings taken adversely to his interest in the thing

---

[1] Code of Civil Procedure, section 53: "The Supreme Court, and the District Courts of Appeal, may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. The decision of the court shall be given in writing, and in giving its decision, if a new trial be granted, the court shall pass upon and determine all the questions of law involved in the case, presented upon such appeal, and necessary to the final determination of the case. Its judgment in appealed cases shall be remitted to the court from which the appeal was taken."

deposited, which may tend to excuse the depositary from delivering the thing to him.''

██ The general rule is that the statute of limitations does not run against a bailor and owner of the property and in favor of the bailee claiming to hold adversely to the owner until such adverse claim is brought to the knowledge of the bailor. (7 Cal.Jur.2d, 659, 660, § 24.) So long as the bailee holds in recognition of the bailor's right, the statute does not run. (*Esponda* v. *Kelly*, 57 Cal.App. 766 [207 P. 939].) It does not commence to run until the illegal exercise of dominion over the property. (*Bedell* v. *Mashburn*, 87 Cal. App.2d 417 [197 P.2d 98].) ██ When personal property is legally taken the statute of limitations is tolled until the owner demands and is refused possession of it. (*Reed* v. *Molony*, 38 Cal.App.2d 405, 411 [101 P.2d 175].)

██ Where the illegal taking consists of a refusal by the party in possession to surrender the property on demand, the period of limitations commences to run at the time of the refusal. (7 Cal.Jur.2d 659, § 24.) *Martin* v. *Bank of America N. T. & S. Assn.*, 4 Cal.App.2d 431, says (p. 436) [41 P.2d 200]:

'' 'If the original taking be wrongful, the bar of the statute runs from the time of the unlawful taking; but where the original taking is lawful, the statute is not set in motion until the return of the property has been demanded and refused, or until a repudiation of the owner's title which is clearly and unequivocally brought home to him, is made.' (16 Cal.Jur. 525, § 124; *Varrois* v. *Gommet*, 43 Cal.App. 756 [185 P. 1001]; *Odell* v. *Moss*, 130 Cal. 352 [62 P. 555].)''

In *Esponda* v. *Kelly*, *supra*, 57 Cal.App. 766, the plaintiff's assignor, on September 22, 1914, placed cattle in the custody of Ansolabehere as a bailee for hire for pasturing, and Ansolabehere agreed to return the cattle to the plaintiff's assignor on demand. Five days later the defendant Kelly received the cattle from Ansolabehere and agreed to deliver them to the plaintiff on demand. On September 27, 1917, the plaintiff made demand on Kelly for return of the cattle. Kelly refused. Judgment was for the plaintiff. The court stated (p. 768):

''The only point made by appellant is that demand for the return of the property was not made within time; that the time within which it should have been made was coincident with the period provided in the statute of limitations for barring the action. There is no merit to this contention.

J. J. Kelly's possession of the property was with the consent of plaintiff's assignor and under an express agreement to return it upon demand. The facts shown constitute a novation (Civ. Code, § 1531; *Molera* v. *Cooper,* 173 Cal. 259 [160 P. 231]) by which he was substituted for the orginal bailee. Any assertion of an adverse claim by appellant J. J. Kelly of which respondent or her assignor had either actual or constructive notice may have set the statute in motion, but so long as he held the property as bailee for respondent or her assignor and recognized that relation the statute would not run in his favor. (*Estate of Rathgeb,* 125 Cal. 302 [57 P. 1010].) The refusal to comply with respondent's demand amounted to a conversion of the property and a cause of action then arose." (Also see *Bedell* v. *Mashburn, supra,* 87 Cal.App.2d 417, 426; *Schupp* v. *Taendler,* (App.D.C.) 154 F.2d 849, 850; 54 C.J.S. 68, § 142.)

Defendant argues that the bailment was for hire; plaintiff, that it was gratuitous. (See *Odle* v. *Dunbar,* 129 Cal.App.2d 466, 469 [277 P.2d 418].) A gratuitous deposit is one for which the depositary receives no consideration beyond the mere possession of the thing deposited. (Civ. Code, § 1844.) Civ. Code, section 1847, provides:

"The duties of a gratuitous depositary cease:

"1. Upon his restoring the thing deposited to its owner; or,

"2. Upon his giving reasonable notice to the owner to remove it, and the owner failing to do so within a reasonable time. . . ."

A deposit which is not gratuitous is called storage. The depositary in such case is called a depositary for hire. (Civ. Code, § 1851.) Civil Code, section 1854, reads: "In the absence of an agreement as to the length of time during which a deposit is to continue, it may be terminated by the depositor at any time, and by the depositary upon reasonable notice."

▮▮▮ At bar there was no agreement as to the length of time the deposit was to continue. Thus, whether the deposit was gratuitous or not, the deposit could cease either on defendant's giving reasonable notice to plaintiff to remove the property or by his restoring it to plaintiff or by plaintiff's demanding the property at any time. There was no evidence that defendant at any time in any manner terminated the deposit. The only evidence in the record with respect to termination of the deposit is that in April 1957 plaintiff demanded return of the property. It does not appear that any claim by defendant to hold the property adversely to plain-

tiff was brought to the knowledge of the latter until shortly prior to April 1957.

 If the bailee is shown to have done some act implying the exercise or assumption of title, or of dominion over the property, or some act inconsistent with plaintiff's right of ownership, or in repudiation of such right, the statute of limitations begins to run at that time. (*Steele* v. *Marsicano*, 102 Cal. 666, 669 [36 P. 920].) *Hillhouse* v. *Wolf*, 166 Cal. App.2d Supp. 833 [333 P.2d 454], relied on by defendant, comes within this rule. It is not applicable to the facts at bar. Neither *Bass* v. *Hueter*, 205 Cal. 284 [270 P. 958], nor *Stafford* v. *Oil Tool Corp.*, 133 Cal.App.2d 763 [284 P.2d 937], also relied on by defendant, is in point. A bailment was not involved in either case. Bass was an action on a promissory note payable "three months after notice after one year from date." Stafford was an action for damages for breach of an oral contract to deliver tubing.

 On the record, defendant did not do anything inconsistent with plaintiff's right of ownership or in repudiation of that right until shortly prior to April 1957. The act of defendant definitely inconsistent with plaintiff's right of ownership was his refusal to comply with the demand of April 18, 1957. It necessarily follows that the statute of limitations commenced to run at the time of the refusal, which alone was the act inconsistent with the bailment. The action was filed within three years after defendant first claimed ownership of the property.

We conclude the action is not barred by the statute of limitations.

 The detention by defendant of plaintiff's property is wrongful and inexcusable. The appeal is without merit and appears to have been taken as a means of harassing plaintiff. It calls for the imposition of a penalty for a frivolous appeal.

The order is affirmed with $300 as added costs for a frivolous appeal.

Shinn, P. J., and Ford, J., concurred.