**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REBEL DISTRIBUTORS CORP., a corporation,

Plaintiff - Appellant,

v.

DEVOS, LTD, a corporation, DBA Guaranteed Returns,

Defendant - Appellee.

No. 08-56747

D.C. No. 2:07-cv-04859-VBF-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted February 4, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Plaintiff Rebel Distributors Corp. ("Rebel") appeals the district court's

dismissal of its California state law conversion claim and the district court's

determination that Devos Ltd was the prevailing party. We review "the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's findings of fact after a bench trial for clear error and its conclusions of law *de novo.*" *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir. 2003). We review the district court's prevailing party determination for clear error and its award of costs for an abuse of discretion. *See San Diego Police Officers' Ass'n v. San Diego City Employees Retirement Sys.*, 568 F.3d 725, 741 (9th Cir. 2009); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). We affirm.

1.    <u>Wrongful Act</u>

Devos was acting as a bailee when it accepted possession of Rebel's Mylan product. *See* Cal. Civ. Code §§ 1813-1814; *Niiya v. Goto*, 5 Cal. Rptr. 642, 645-46 (Ct. App. 1960). Rebel does not allege that Devos committed a wrongful act or was negligent in its handling of Rebel's Mylan product. Nor does Devos's inability to return the Mylan product to Rebel after first receiving the product and forwarding the product to Stericycle in the usual course of business establish that Devos committed a wrongful act. *See Simonian v. Patterson*, 32 Cal. Rptr. 2d 722, 727 (Ct. App. 1994) (Noting that "a bailee or common carrier incurs no liability for conversion in receiving and forwarding goods tendered in the usual course of business.") Because Rebel did not establish that Devos's failure to return the Mylan product to Rebel was wrongful or at least more than negligent, Rebel failed to prove its conversion claim. *See Spates v Dameron Hosp. Ass'n*, 7 Cal. Rptr. 3d

2

597, 608 (Ct. App. 2003) (Explaining that "[t]he elements of a conversion are . . . the defendant's conversion by a wrongful act . . . ."); *George v. Bekins Van & Storage Co.*, 205 P.2d 1037, 1040 (Cal. 1949) (same); *see also Simonian*, 32 Cal. Rptr. 2d at 727 ("Negligence in caring for the goods is not an act of dominion over them such as is necessary to make the bailee liable as a converter.")

2.      Substantial Factor

Rebel acquired the Mylan product from third parties solely to profit from receiving return credit from Mylan. Rebel does not argue that the Mylan product had any value other than its potential return credit. If Devos had returned the Mylan product to Rebel, Rebel would have again attempted to return the product to Mylan for return credit.

Mylan is the only entity that gives return credit for its product. Stericycle is Mylan's designated agent for processing returns. Devos properly forwarded the Mylan product to Stericycle. After Stericycle processed Rebel's Mylan product, Mylan refused to give Rebel return credit. Any harm Rebel suffered, therefore, was because Mylan refused to issue return credit to Rebel, not because Devos forwarded Rebel's Mylan product to Stericycle. Thus, Rebel failed to prove its conversion claim because it did not prove that Devos's conduct was a substantial factor in causing any harm that Rebel may have suffered. *See Rutherford v.*

3

*Owens-Illinois*, 941 P.2d 1203, 1214 (Cal. 1997) (Explaining that California has adopted the substantial factor test for causation.); *Soule v. General Motors Corp.*, 882 P.2d 298, 312 (Cal. 1994) ("A tort is a legal cause of injury only when it is a substantial factor in producing the injury.").

3.      Prevailing Party

The district court erred when it awarded costs to Devos under Rule 54(d). Rebel, not Devos, was the prevailing party because the district court entered judgment in favor of Rebel in the amount of $59,031.82. "Courts consistently confirm that a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers' Ass'n*, 568 F.3d at 741 (internal quotation marks omitted); *see also* 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2667, at 219-20 (3d ed. 1998) ("[W]hen the jury finds for plaintiff as to liability, it has been held that plaintiff is the prevailing party and entitled to costs even though the jury determines that plaintiff has suffered no more than nominal damages."); *cf. Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that, for purposes of 42 U.S.C. § 1988, a plaintiff is a prevailing party if, for instance, the plaintiff "obtain[s] an enforceable judgment against the defendant," even if the amount is nominal). We vacate the award of costs to Devos and remand to the district court to determine the

4

amount of costs, if any, to award Rebel. "In the event of a mixed judgment," as here, "it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997).

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs of appeal.

5